IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

3: CV00-1290

James Lee Wagner
Plaintiff

v.                              No.

William F. Ward, et al
Defendants

FILED
SCRANTON
JUL 21 2000
PER _____ DEPUTY CLERK

Copy

## CIVIL RIGHTS COMPLAINT
## WITH A JURY DEMAND

1. This is a §1983 action filed by <u>James Lee Wagner</u>, alleging violation of his constitutional right's, and seeking declaratory judgement and injunctive relief; plaintiff requests trial by jury.

### JURISDICTION

2. This is a civil right's action pursuant to 42 U.S.C. §1983; this Court has jurisdiction pursuant to 28 U.S.C. §1343. Plaintiff invokes the pendant jurisdiction of this Court.

3. Section §1983 provides individuals with a private course of action when constitutional deprivations occur under color of state law, <u>Hertik v. Blalock</u>, 985 F.2D 1353 (6th Cir.1993).

### PARTIES

4. The plaintiff is James Lee Wagner, an adult individual currently incarcerated at Rockview S.C.I. in Bellefonte, Pennsylvania.

5. The defendants are: <u>William F. Ward</u>, chairman of the Pennsylvania Board of Probation and Parole (herein referred to as the board), and the following board members: <u>Gary Lucht, Barbera Descher, Richard Kipp Benjamin Martinez, Nicholas Muller, Sean Ryan, Michael Webster,</u> and all other un-named members of the board.

6. The conduct complained of was committed by the defendant's while acting under color of state law; the conduct of defendant's deprived plaintiff of right's, privileges, or immunities secured by the constitution of the United States. **Each defendant is sued in their individual capacity.**

## CAUSE OF ACTION

7. Plaintiff has been denied parole on three successive occasions and in violation of his right's to due process and equal protection of law; the plaintiff is not challenging his denial of parole, but is challenging the process employed in the decision making process, and the deviation from statute and law defined in Pennsylvania Parole Act. It is well established that plaintiff has no statutorily created liberty interest under Pennsylvania State law; however, it is also firmly held that once a state institutes a parole system, all inmates have a liberty interest flowing directly from the due process clause in **not** having parole denied for arbitrary and constitutionally impermissible reasons, Childs v. U.S. Board of Parole, 511 F.2D 1270. Pursuant to 61 Pa.C.S.A. §331.19, the board is required by law to consider the recommendation of the confining institution; the statute states the following: "The board **shall** in all cases consider the recommendation of the confining institution, the D.A., and the sentencing Court. The institution recommended that plaintiff be paroled based upon his successful participation in sex offender therapy and his demonstrated rehabilitation and the high probability that he would not re-offend if returned to society. When viewing the language of section 61.Pa.§331.19 of The Parole Act, the use of the word **shall** creates a liberty interest by its mandatory intent as set forth in Hall v. Lombardi, 996 F.2D 954 (8th Cir.1993), which held: "when regulations contain language of a mandatory nature (shall, will, must) they are interpreted as creating a protectable liberty interest. It is a basic canon of statutory construction that the use of the word "Shall", indicates mandatory intent, Cook v. U.S., 104 F.3D 886 (6th Cir.1997); U.S. v. Meyers, 106 F.3D 936 (10th Cir.1997). All words in a statute are assigned meaning and nothing therein is to be construed as surplusage. Al-zhud v. Meissner, 70 F.3D 136 (DC 1995). The mandatory language of 61 Pa.§331.19 creates a liberty if an inmate gains the recommendation for parole from the institution.

## SECOND CAUSE OF ACTION

8. The board has breached the contract or plea agreement between the plaintiff and the Commonwealth of Pennsylvania. The fact that the plaintiff pled guilty does not foreclose this claim under §1983 because such issues are not necessarily determined in a criminal proceeding, Harina v. Prosise, 462 U.S. 306, 316-17 (1983). A plea agreement is treated as a contract, U.S. v. Moscahlaidis, 868 F.2d 1357-62 (3rd Cir. 1989). To determine whether a breach has occurred, the Court must first determine what the parties reasonably understood the terms of the plea agreement to be, U.S. v. Casamento, 887 F.2D 1141, 1181 (2nd Cir.1989). In this instant matter, the plaintiff reasonably understood the terms of the contract to be that he would serve a term 7½ years which is his minimum sentence, and if eligible, he would be paroled at the expiration of his minimum sentence. The plea agreement was entered into by the plaintiff based upon the Commonwealth's promise of a specific minimum sentence, and the Court's acceptance of that agreement was the basis for imposition of a definite term of confinement both minimum and maximum, providing that the plaintiff met the requirement for parole, which he has. A prisoner has a constitutionally protected interest in the state complying with each element of a plea agreement utilized to induce a guilty plea and the inherent waiver of significant rights; a plea entered into by an agent of the state, which would be the District Attorney, must be fulfilled, and cannot subsequently be repudiated by another agent of the state (parole board), all agents of the state must honor that contract, otherwise the integrity of the government is no better than that of its wards, U.S. v. Traynoff, 53 F.3D 168 (7th Cir.1995). The District Court has broad discretion in fashioning a remedy for governments breach of plea agreement, U.S. v. Chiu, 109 F.3D 624 (9th Cir. 1997).

## SUMMARY

In view of all the above, it is clear that the board has denied plaintiff due process as set forth in this complaint, and denied him equal protection of law as set forth in this complaint; and has breached the plea agreement entered into by the plaintiff and the Commonwealth. The board on its "Greensheet" determinations stated

4

that it would review whether the plaintiff has (a) successfully completed a program for sex offenders, which he has; (b) received a favorable recommendation for parole from the Department of Corrections which he has, and (c) maintained a clear conduct record and completed Department of Correction prescriptive programs, which he has. These being the requirements set forth by the board that plaintiff was to meet, and having been met by the him, the board in their decision making process is violating the plaintiff's rights.

### RELIEF REQUESTED

Wherefore, the Plaintiff, James Lee Wagner, requests this Honorable Court to grant the following relief:

1. Issue a declaratory judgement that the board of probation and parole denied plaintiff due process in the decision making process under statute set forth in 61 Pa.§331.19.

2. Issue a declaratory judgement that the board of probation and parole violated the plea agreement between the plaintiff and the Commonwealth of Pennsylvania.

3. Issue an injunctive order restraining the defendants from retaliating against the plaintiff in any way.

4. Issue an injunctive order restraining defendants from violating pre-existing plea agreements.

5. Grant such other relief as it may appear plaintiff is entitled under existing circumstances and claims.

Respectfully Submitted

_James Lee Wagner_
Plaintiff, pro se

5

## AFFIDAVIT

I, James Lee Wagner, declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed At:    Rockview State Correctional Institution
                Bellefonte, Centre County, Pennsylvania

Signed This 4th Day of July, 2000

By. _James Lee Wagner_
    Plaintiff, Pro se

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 05/24/2000

CLIENT NAME: JAMES LEE WAGNER     PAROLE NO: 2241X
INSTITUTION: SCI - ROCKVIEW       INSTITUTION NO: BK5396

AS RECORDED ON 05/24/2000 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER MAY, 2001.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY PARTICIPATED IN A TREATMENT PROGRAM FOR: SEX OFFENDERS.

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

CURRENT MENTAL HEALTH AND SEX OFFENDER PROGRAM EVALUATIONS TO BE AVAILABLE AT

(CONTINUE ON PAGE 2)

Kathleen Zwierzyna
KATHLEEN ZWIERZYNA
BOARD SECRETARY

CLIENT COPY
JAMES LEE WAGNER             BK5396
SCI - ROCKVIEW
BOX A
BELLEFONTE, PA       16823

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 05/24/2000

CLIENT NAME: JAMES LEE WAGNER          PAROLE NO: 2241X
INSTITUTION: SCI - ROCKVIEW            INSTITUTION NO: BK5396

AS RECORDED ON 05/24/2000 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 1)
TIME OF REVIEW.

*KBR 05-24-00*



CLIENT COPY
JAMES LEE WAGNER          BK5396
SCI - ROCKVIEW
BOX A
BELLEFONTE, PA    16823

KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 052199

CLIENT NAME: JAMES LEE WAGNER          PAROLE NO: 2241X

INSTITUTION: SCI - ROCKVIEW            INSTITUTION NO: BK5396

AS RECORDED ON 052199   THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

- FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER MAY, 2000.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR:
SEX OFFENDERS.

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE:
DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE
DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

*KBR 05-21-99*

CLIENT COPY
JAMES LEE WAGNER       BK5396
SCI - ROCKVIEW
BOX A
BELLEFONTE, PA
                    16823

*William F. Ward*
William F. Ward
Chairman