● **ORIGINAL** ●



24
10-9-0
&c

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,  :
  :
  Plaintiff,  :
  :
v.  :
  :
WILLIAM F. WARD, et al.,  :
  :  No. ⚫:CV-00-1290
  Defendants.:  (Judge Yvette Kane)

FILED
HARRISBURG
OCT 0 5 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION OF
## <u>DEFENDANTS TO DISMISS THE COMPLAINT</u>

### <u>STATEMENT OF THE CASE</u>

A.   <u>Facts</u>

Plaintiff, a state prisoner incarcerated at the State Correctional Institution at

Rockview ("SCI-Rockview"), commenced this civil action pursuant to the Civil

Rights Act of 1871, 42 U.S.C. § 1983. The defendants are Board members of the

Pennsylvania Board of Probation and Parole ("Board"). Plaintiff seeks declaratory

and injunctive relief.

Plaintiff alleges that he has been denied parole on three occasions, and he

attached to his complaint the "green sheets" that document two of those occasions.

Each of the attached green sheets states that "following an interview and review of

your file, the Pennsylvania Board of Probation and Parole has determined that the

mandates to protect the safety of the public and to assist in the fair administration of

justice cannot be achieved through your release on parole." The green sheets then list specific considerations upon which the Board would focus during the next review of plaintiff for parole. Such specific considerations include plaintiff's completion of a sex offender therapy program, recommendation for parole from the Department of Corrections, and plaintiff's maintenance of a clear conduct record.

Plaintiff contends that he completed the sex offender therapy program and received a positive recommendation for parole from the Department of Corrections, but he was nonetheless denied parole. Plaintiff asserts in two theories that the denial of parole violates his right to due process and equal protection of law. First, plaintiff argues that statutory language requires the Board to consider recommendations from the Department of Corrections, and the Board's refusal of parole despite a positive recommendation from the Department of Corrections reflects an arbitrary decision based on impermissible reasons. Second, plaintiff suggests that his guilty plea agreement established a contract between him and the Commonwealth of Pennsylvania which calls for his release after the expiration of his minimum sentence, and the Board's refusal of parole breaches that contract. Plaintiff admits that his understanding with the District Attorney only required that he be released if he were eligible for parole upon the expiration of his minimum sentence.

2

**B.**    **Procedural History**

Plaintiff filed the complaint on July 21, 2000.  Defendants waived formal service of process on August 9, 2001.  Defendants filed a motion to dismiss the complaint on September 25, 2001.  This brief supports that motion.

## QUESTION INVOLVED

Whether plaintiff fails to state a viable constitutional claim
upon which relief can be granted.

## ARGUMENT

### PLAINTIFF FAILS TO STATE A VIABLE CONSTITUTIONAL CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Although the Board must consider input from the Department of Corrections, the Board is not obligated to adopt the Department of Corrections' recommendation, and the Board may rely on other reasonable considerations to deny parole.  Parole determinations are not affected by plea agreements between criminal defendants and District Attorneys, because such agreements do not create an expectation or entitlement to release from state custody before the expiration of the convict's maximum sentence.  Because plaintiff fails to state a viable constitutional claim, the complaint should be dismissed.

A.    Factors Considered by the Board of Probation and Parole

The Board must consider a range of factors pursuant to Pennsylvania statute,

3

and the Board may consider other reasonable and constitutionally permissible factors when making a parole decision. Plaintiff correctly states that 61 Pa. Cons. Stat. § 331.19 requires the Board to consider recommendations made by the trial judge and prosecuting attorney, as well as information from the Department of Corrections. Plaintiff neglects to add that 61 Pa. Cons. Stat. § 331.19 also requires the Board to consider the nature and circumstances of the offense committed, the general character and background of the prisoner, statements from the victim or victim's family, the prisoner's record of conduct while in prison, and the prisoner's complete criminal record. Thus, even if the Board decided not to adopt the Department of Corrections' recommendation, the plaintiff fails to state a claim, because the Board must consider other factors that may cause them to refuse parole.

No part of this statutory language suggests that the Board may not consider other aspects of a prisoner. Thus, for example, the green sheets attached to the complaint reveal that an interview was conducted each time plaintiff was considered for parole. During these interviews, the Board may rely on plaintiff's demeanor and responses to questions to determine whether plaintiff is prepared to safely return to the community.

Plaintiff focuses in his complaint on the mandatory consideration of input from correctional staff. Plaintiff erroneously infers from the statute that the Board

4

must not only consider that input, but also adopt recommendations from the Department of Corrections as their own. Plaintiff ignores the other mandatory considerations that play a role in parole decisions, as well as the reasonable considerations that are not mandated by statute. If these other considerations cause the Board to believe that a prisoner's release would endanger the community, the Board may set aside a positive recommendation from the Department of Corrections without violating the prisoner's right to due process and equal protection of law. As the green sheets attached to the complaint show, plaintiff received an interview and a review of his file prior to each parole decision. He, therefore, was not deprived of due process and equal protection of law.

B.    Plaintiff's Plea Agreement and Sentence

Plaintiff asserts that he agreed to plead guilty with the understanding that he would be released from prison upon the expiration of his minimum sentence. He claims that the Board violates his constitutional rights by refusing to release him on parole now that his minimum sentence has expired.

When a criminal defendant in Pennsylvania is sentenced to confinement, he or she must be sentenced to both a minimum and a maximum sentence. 42 Pa. Cons. Stat. § 9756(a) and (b). Once the court sentences the offender, the offender has no right to be released from state custody before the expiration of his maximum

5

sentence.  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1 (1979); <u>Rogers v. Pennsylvania Bd. of Probation and Parole</u>, 555 Pa. 285, 724 A.2d 319 (1999).  A prisoner has only the right to apply for parole at the expiration of his or her minimum sentence and to have that application considered by the Parole Board.  <u>Rogers</u>, 55 Pa. at 289 n.2, 724 A.2d at 321 n.2.  The grant of parole is a matter of discretion by the Board.  <u>Commonwealth v. McMaster</u>, 730 A.2d 524, 527 (Pa. Super. Ct. 1999); <u>Commonwealth v. Gooslin</u>, 421 A.2d 775, 776 (Pa. Super. Ct. 1980).

Plaintiff acknowledges in the complaint that he was sentenced to a minimum and maximum term.  Plaintiff explains that the prosecuting attorney representing the Commonwealth offered a certain range of sentences in exchange for plaintiff's guilty plea, and plaintiff "reasonably understood the terms of the contract to be that he would serve a term 7 1/2 years which is his minimum sentence, and if eligible, he would be paroled at the expiration of his minimum sentence."  Complaint, ¶8.  Whether plaintiff correctly or incorrectly interprets the agreement he reached with the prosecuting attorney, a minimum and a maximum sentence were imposed, and the Board has discretion to weigh several factors when deciding to grant plaintiff parole.  The Board has satisfied its responsibility to interview the plaintiff and review his file, and the Board is not bound by any contract that plaintiff perceives

6

between plaintiff and the Commonwealth. Accordingly, plaintiff fails to state a claim that the Board has violated his constitutional rights by denying him parole.

## CONCLUSION

For each of the foregoing reasons, plaintiff fails to state a viable constitutional claim upon which relief can be granted. The complaint should, therefore, be dismissed.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:  *Patrick S. Cawley*

**PATRICK S. CAWLEY**
**Deputy Attorney General**
**Attorney I.D. 85575**

**Office of Attorney General**
**15th Fl., Strawberry Square**
**Litigation Section**
**Harrisburg, PA 17120**
**(717) 705-8572**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Date: October 5, 2001**

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,         :
         :
         Plaintiff,     :
         :
     v.         :
         :
WILLIAM F. WARD, et al.,     :
         :    No. 3:CV-00-1290
         Defendants.:    (Judge Yvette Kane)

## CERTIFICATE OF SERVICE

I, Patrick S. Cawley, Deputy Attorney General for the Commonwealth of

Pennsylvania, hereby certify that on October 5, 2001, I served a true and correct

copy of the foregoing **Brief in Support of Motion of Defendants to Dismiss the**

**Complaint** by causing it to be deposited in the United States Mail, first-class

postage prepaid to the following:

James Wagner, BK-5396
SCI-Rockview
Box A
Bellefonte, PA 16823


_Patrick S. Cawley_
**PATRICK S. CAWLEY**
**Deputy Attorney General**