IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER           :
    PLAINTIFF          :
                                       :    NO: 1:CV-00-1290
                                       :    (JUDGE YVETTE KANE)
V.                         :
                                       :
WILLIAM F. WARD, ET AL.,   :
    DEFENDANT'S        :

FILED
HARRISBURG, PA

NOV 06 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### BRIEF IN SUPPORT OF OPPOSITION TO DISMISS

THE DEFENDANT'S, MEMBERS OF THE PENNSYLVANIA'S BOARD OF PROBATION AND PAROLE, BY THEIR COUNSEL FILED A MOTION TO DISMISS ON OCTOBER 5, 2001. THIS WAS RECEIVED BY THE PLAINTIFF ON OCTOBER 9, 2001.

THIS IS PLAINTIFF'S BRIEF IN SUPPORT OF MY MOTION IN OPPOSITION, WHICH ACCOMPANIES:

ESSENTIALLY THE DEFENDANT'S PRESENTED A QUESTION, WHICH CAN BE SUMMARIZED AS FOLLOWS:

PLAINTIFF FAILS TO STATE A VIABLE CONSTITUTIONAL CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### ARGUMENT

PLAINTIFF AGREES WITH DEFENDANT'S COUNSEL THAT 61 PA. CONS. STAT. § 331.19 ALSO REQUIRES THE BOARD TO CONSIDER THE NATURE AND CIRCUMSTANCES OF THE OFFENSE COMMITTED, THE GENERAL CHARACTER AND BACKGROUND OF THE PRISONER, STATEMENTS FROM VICTIM'S OR VICTIM'S FAMILY, THE PRISONER'S RECORD OF CONDUCT WHILE IN PRISON, AND THE PRISONER'S COMPLETE CRIMINAL RECORD, AS WELL AS WHAT THE PLAINTIFF STATED IN HIS BRIEF THAT § 331.19 REQUIRES THE BOARD TO CONSIDER RECOMMENDATIONS MADE BY THE TRIAL JUDGE AND PROSECUTING ATTORNEY, AS WELL AS INFORMATION FROM THE DEPARTMENT OF CORRECTIONS.

IN, CHILDS V. UNITED STATES BOARD OF PAROLE, 511 F.2D 1270, IT STATES THAT DUE PROCESS RIGHTS WERE VIOLATED BY SUFFERING LEGAL WRONG BECAUSE OF AGENCY ACTION. I.D. PARDON AND PAROLE KEY 4: WHERE THE FEDERAL GOVERNMENT HAD MADE PAROLE AN INTEGRAL PART OF THE PENOLOGICAL SYSTEM, THE AUTHORITY

-1-

TO DENY PAROLE CANNOT BE ARBITRARILY EXERCISED. BASED ON GREEN SHEET'S PLAINTIFF RECEIVED THE PAROLE BOARD HAS CONSISTENTLY BEEN ARBITRARY AND CAPRICIOUS IN THERE GREEN SHEETS BASED ON PLAINTIFF'S GREEN SHEETS HE COMPLETED EACH AND EVERY TIME WHAT THE PAROLE BOARD WANTED TO REVIEW. I.D. PARDON AND PAROLE KEY 7, A FEDERAL PRISONER WHOSE APPLICATION FOR PAROLE IS DENIED BY U.S. PAROLE BOARD IS ENTITLED TO A WRITTEN STATEMENT OF REASONS FOR THE DENIAL IN ORDER TO ASSURE THE VALIDITY OF THE PROCEDURE, INDEPENDENT OF ANY POSSIBLE RESORT BY THE PRISONER TO THE COURTS FOR REVIEW OF THE DENIAL. IN, RICHARDSON V. WOLFF, 525 F.2D 797-800, STATES IN CONSTITUTIONAL LAW KEY 272, THAT DUE PROCESS INCLUDES AS A MINIMUM REQUIREMENT THAT REASON'S BE GIVEN FOR DENIAL OF PAROLE RELEASE. U.S EX REL JOHNSON V. CHAIRMAN OF BOARD, 363 F. SUPP. 416, HOLDING DUE PROCESS REQUIRES DISCLOSURE OF REASONS FOR DENYING RELEASE ON PAROLE. THE SECOND CIRCUIT HELD IN UNITED STATES EX. REL. JOHNSON V. CHAIRMAN OF NEW YORK, 500 F.2D 925 (2D CIR. VACATED AS MOOT, 419 U.S. 1015, 95 S.CT. 488, L.ED. 2D 289 (1974) THAT DUE PROCESS REQUIRES THAT A STATE PRISONER WHO HAS BEEN DENIED PAROLE BE GIVEN A STATEMENT OF REASONS. AGAIN IN U.S. RICHARDSON V. WOLFF, 525 F.2D 800, (7TH CIR. 1975), THE COURT CONCLUDED THAT DUE PROCESS INCLUDES AS A MINIMUM REQUIREMENT THAT REASON'S BE GIVEN FOR THE DENIAL OF PAROLE RELEASE. I.D. AT 804 **THE REASONS MUST BE REASONABLY SPECIFIC. IT DOES NO GOOD TO TELL A PRISONER HE IS DENIED PAROLE BECAUSE HE IS A DANGER TO SOCIETY UNLESS HE IS TOLD WHY.** AT, JOHNSON V. CHAIRMAN NEW YORK, 500 F. 2D 925 (2D CIR. 1974), TO SATISFY MINIMUM DUE....SHOULD BE SUFFICIENT TO ENABLE A REVIEWING BODY TO DETERMINE WHETHER PAROLE HAS BEEN DENIED FOR AN IMPERMISSIBLE REASON OR FOR NO REASON AT ALL.

IN, U.S. EX. REL. HARRISON V. PACE, 357 F. SUPP. 354 (E.D. PA.1973) CARDARINI V. ATTORNEY GENEARL, 369 F. SUPP. 1132 (ED N.Y. 1974) THE INMATES INTEREST IN CONDITIONAL LIBERTY REQUIRES THAT MINIMUM DUE PROCESS BE ATTACHED. DENIAL OF REASONS WHY NOT PAROLED AT MINIMUM CAN BE CONSTRUCTED AS SETTING FORTH A DENIAL OF EQUAL PROTECTION OF THE LAW. ALL OF WHICH PLAINTIFF HAS STATED IN HIS BRIEF ON WHY HE FILLS RELIEF SHOULD BE GRANTED.

IN, JOHNSON V. CHAIRMAN, 500 F.2D 925-1 (1974) CONSTITUTIONAL LAW, KEY 272: PRISONER'S INTEREST IN PROSPECTIVE PAROLE IS ENTITLED TO DUE PROCESS PROTECTION.

IN, FRANKLIN V. SHIELDS, 569 F.2D 785-2, 790 (1977), BECAUSE A PRISONER HAS A STATUTORY RIGHT TO A FAIR PAROLE CONSIDERATION, AND BECAUSE THE RIGHT INVOLVES THE PRISONER'S LIBERTY, WE CONCLUDE THAT PAROLE IS SUBJECT TO THE DUE PROCESS CLAUSE. WOLFF V. MCDONNELL, 418 U.S. 539, 94 S.CT. 2963, 41

L.ED. 2D 484 (1974) CONFIRMS THIS CONCLUSSION. IN, FRANKLIN V. SHIELDS, 569 F.2D 785-2 (1977), CONSTITUTIONAL LAW KEY 251: DISTINCTION BETWEEN A RIGHT AND A PRIVILEGE IS NO LONGER AND ACCEPTABLE BASIS FOR DETERMINING WHETHER THE DUE PROCESS CLAUSE APPLIES TO A GOVERNMENT BENEFIT. U.S.C.A. CONSTITUTIONAL AMENDMENT 14.

IN, GREENHOUSE V. INMATES OF NEBRASKA PENAL, 442 U.S. 1 (1979), IT STATES THAT BY GIVING REASONS WHY REFUSED PAROLE, PETITIONER AT LEAST KNOWS WHAT IS REQUIRED OF HIM. PLAINTIFF STIPULATIONS IN HIS GREEN SHEET ONLY GIVES "FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE...THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC...IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE. THIS STATEMENT HAS BEEN ON THE LAST THREE GREEN SHEETS AND BEFORE THAT ON **EXHIBIT 1** GREEN SHEET IT GAVE REFUSE, ASSAULTIVE INSTANT OFFENSE (WHICH PETITIONER CANNOT CHANGE THE NATURE OF HIS CRIME), VERY HIGH ASSAULTIVE BEHAVIOR POTENTIAL (WHICH PETITIONER CANNOT CHANGE BECAUSE OF THE VIOLENCE OF HIS CRIME, HE CAN ONLY CHANGE FROM THE TIME HE DECIDED TO REHABILITATE HIMSELF TO THE PRESENT. VICTIM INJURY (WHICH HE CANNOT CHANGE DUE TO HIS CRIME).

IN THESE STIPULATIONS OF REFUSAL THE DEFENDANT'S GIVE NOTHING OTHER THAN WHAT THEY REVIEW FOR PLAINTIFF TO WORK ON SO HE CAN MAKE PAROLE.

IN, GREENHOUSE V. INMATES OF NEBRASKA PENAL, 442 U.S. 1 (1979), IT STATES, THAT THE COURT OF APPEALS, AGREEING, HELD THAT INMATES HAD THE SAME KIND OF CONSTITUTIONALLY PROTECTED "CONDITIONAL LIBERTY" INTEREST AS WAS RECOGNIZED IN MORRISSEY V. BREWER, 408 U.S. 471, 92 S.CT. IN GREENHOUSE V. NEBRASKA, 442 U.S. 1 AT 2103, THE DISTRICT COURT HELD THAT THE PROCEDURES USED BY THE PAROLE BOARD DID NOT SATISFY DUE PROCESS. IT HELD SAME AS THE APPEAL COURT ON "CONDITIONAL LIBERTY". THESE ARE ALL BASIS FOR PLAINTIFF'S 1983 COMPLAINT AND RELIEF HE HAS REQUESTED IN HIS 1983 COMPLAINT. ALSO, I.D. AT 2103, THE DUE PROCESS CLAUSES APPLIES WHEN GOVERNMENT ACTION DEPRIVES A PERSON OF LIBERTY OR PROPERTY. ACCORDINGLY WHEN THERE IS A CLAIM DENIAL OF DUE PROCESS WE HAVE INQUIRED INTO THE NATURE OF THE INDIVIDUAL'S CLAIMED INTEREST. PLAINTIFF AS STATED IN HIS 1983 COMPLAINT AND IN THIS BRIEF OF OPPOSITION, FEELS THAT DEFENDANT'S HAVE DEPRIVED HIM OF THE DUE PROCESS CLAUSE BY DEPRIVING HIM OF HIS LIBERTY! I.D. AT 2104, IN, (GAGNOR V. SCARPELLI, 411 U.S. 778 93 S.CT. 1756), THEY ARGUE IN THIS CASE THAT THE ULTIMATE INTEREST AT STAKE IN A PAROLE DETERMINATION IS "CONDITIONAL LIBERTY", AND SHOULD BE ACCORDED THE SAME CONSTITUTIONAL PROTECTION. IN, GREENHOUSE V. NEBRASKA AT 2107 IT STATES THAT THE ULTIMATE PURPOSE OF PAROLE WHICH IS A COMPONENT OF THE LONG-RANGE OBJECTIVE OF REHABILITATION. PLAINTIFF HAS SPENT THE LAST 12 YEARS REHABILITATING HIMSELF WHICH IS IN HIS INMATE FILE AT

ROCKVIEW AND ALSO IS REFLECTED IN HIS PAROLE PACKET AT ROCKVIEW.

AT GREENHOUSE V. NEBRASKA INMATES, AT 2110, IT ALSO STATES THAT "WHEN A STATE ADOPTS A PAROLE SYSTEM THE PRISONER JUSTIFIABLY EXPECT THAT PAROLE WILL BE GRANTED FAIRLY AND ACCORDINGLY TO LAW. PETITIONER EXPECTED TO BE PAROLE ALSO BASED ON THE <u>EXPECTATION</u> THE PAROLE BOARD GAVE HIM IN **EXHIBIT 2**, WHERE IT STATED ON HIS GREEN SHEET CONTINUE PENDING CCC EVALUATION. EVEN AFTER THE EVALUATION CAME BACK FROM THE CCC AT HARRISBURG, PA, SAYING THEY WOULD PROVIDE A BED FOR PETITIONER IF PAROLED TO THE CCC, AND AFTER THE PAROLE AGENT AT ROCKVIEW (PART OF PAROLE BOARD) INFORMED PETITIONER THAT HE WAS **HIGHLY RECOMMENDING** PETITIONER FOR A CCC PLACEMENT, THEY STILL CONTINUED THE CASE. THIS ALSO GAVE PETITIONER AN EXPECTATION THAT HE WAS GETTING PAROLED. AT, I.D. 2114 THE COURT CONCLUDED THAT RESPONDENT'S INTEREST IS SUFFICIENT TO MERIT CONSTITUTIONAL PROTECTION, AND AT I.D. 2116, A PRISONER WHO DEMONSTRATES HIS DESIRE FOR REHABILITATION WILL NOT SERVE THE MAXIMUM TERM. PLAINTIFF HAS WORKED HARD TO REHABILITATE HIMSELF AND BASED ON THE PAROLE BOARDS EXPECTATIONS EXPECTED TO MAKE PAROLE SO HE COULD START A NEW LIFE. AT, I.D. 2120, IT STATES, EVERY COURT OF APPEALS HOLDING THE DUE PROCESS CLAUSE APPLICABLE TO PAROLE RELEASE PROCEEDINGS HAS ALSO CONCLUDED THAT THE PAROLE BOARD MUST ADVISE IN WRITING THE REASON FOR DENYING PAROLE. PLAINTIFF FEELS THE PAROLE BOARD HAS NEVER GIVEN VALID REASONS OF WHY HE WAS DENIED PAROLE SINCE JUNE OF 1997.

IN, <u>U.S. EX. REL. SCOTTE V. ILLINOIS PAROLE & PARDON BOARD</u>, 669 F.2D 1185 (1982), IT STATES BOARD DENIAL OF PAROLE BECAUSE OF COMMITTED OFFENSE, WITHOUT MORE, WAS TANTAMOUNT TO NO REASON AT ALL AND VIOLATED HIS RIGHT TO DUE PROCESS. AGAIN SEE **EXHIBIT 1**, THIS IS ALL ABOUT THE COMMITTED OFFENSE WHICH CANNOT BE CHANGE. I.D., STATES ARE FREE TO AMEND SENRTENCING LAWS, WHERE APPLICATION OF NEW LAW WOULD RESULT IN MORE SEVERE PUNISHMENT THEY ARE **EXPRESSLY PROHIBITED** FROM DOING SO BY CONSTITUTIONAL/PROHIBITION AGAINST EX POST FACTO LAWS. ILL. S.H.A. CH 38 1003-3-2.1, 1003-3-3C. SEE, <u>UNITED STATES EX. REL., FORMAN V. MCCALL</u>, 707 F.2D, 852-53 (3RD CIR. (1983), PETITIONER EMPHASIZES THAT IN 1991, EIGHTY PERCENT OF STATE PRISONERS WERE RELEASED AT THE COMPLETION OF THERE MINIMUM SENTENCE. WHILE BY THE FIRST QUARTER OF 1996, THAT NUMBER HAD FALLEN TO TWENTY NINE PERCENT. THIS IS BASED ON THE NEW PAROLE GUIDELINES FOR VIOLENT OFFENDERS THAT WENT IN AFFECT IN 1995. THESE GUIDELINES DO NOT PERTAIN TO PETITIONER BECAUSE HE WAS SENTENCED IN 1990. ARTICLE I, § 10, OF THE CONSTITUTION PROHIBITS THE STATES FROM PASSING AND "EX POST FACTO LAW". THIS CLAUSE FORBIDS ENACTMENT OF ANY LAW, "WHICH IMPOSES A ADDITIONAL PUNISHMENT TO THAT THEN PRESCRIBED. THE

PROHIBITION OF EX POST FACTO LAWS HAS TWO PURPOSES: (1) IT PREVENTS LEGISLATURE FROM INTERFERING WITH THE EXECUTIVE AND JUDICIAL ROLES OF PROSECUTION AND PUNISHMENT; AND IT ASSURES THAT LEGISLATIVE ACTS GIVE FAIR WARNING OF WHAT ACTIONS WILL BE PUNISHED AND THE DEGREE TO WHICH THEY WILL BE PUNISHED. IN, GARNER V. JONES, 529 U.S. 244, 120 S.CT. 1362, 146 L.ED. 2D 236 (2000), THE COURT FOUND THAT COURTS MUST CONSIDER THE PRACTICAL EFFECTS OF PAROLE BOARD POLICIES IN THE COURSE OF DETERMINING WHETHER A STATUTE VIOLATES THE "EX POST FACTO LAW" CLAUSE OF THE CONSTITUTION. THE NEW PAROLE GUIDELINES WERE ENACTED UNDER HOUSE BILL #1728. TO QUALIFY FOR GRANTS UNDER THE FEDERAL GOVENRMENT. PAGE 10 OF THE GRANT CONTRACT PLAINLY STATES THIS PLAN SHOULD NOT APPLY TO ANY PRISONER SENTENCED PRIOR TO IT'S ENACTMENT. BUT THE PAROLE BOARD STILL PUSHES FOR VIOLENT OFFENDERS TO DO 85% OF THEIR TIME BASED ON THIS HOUSE BILL AND CONTRACT.

AGAIN, ON EXPECTATIONS: THE PAROLE AGENTS AT ROCKVIEW USE AT RISK SHEET THAT IS PART OF THERE PAROLE PACKET FOR THE PAROLE HEARING. IT SHOWS THAT WHETHER THE PLAINTIFF IS A LOW RISK TO GO BACK TO SOCIETY OR A HIGH RISK. PETITIONER'S COMES UP AS A LOW RISK BASED ON HIS PAROLE AGENT WHO IS PART OF THE PAROLE BOARD. PETITIONER'S PRISON FILE AND PRISON PAROLE FILE WILL BE REQUESTED IN HIS DISCOVERY. IN, 61 P.S. 331.17 CHAPTER 7:13 IT STATES THAT ONE IMPORTANT FACTOR OF WHICH THE PAROLE BOARD REVIEWS WHEN DETERMINING WHETHER AN OFFENDER WHO HAS APPLIED FOR PAROLE IS A GOOD PAROLE RISK IS THAT OFFENDER'S BEHAVIOR RECORD WHILE CONFINED. PETITIONER HAS RECEIVED RECOMMENDATION EACH AND EVERY TIME HE SEEN THE BOARD. HE ALSO HAD A PSYCHOLOGICAL TEST DONE EACH TIME PRIOR TO SEEING THE BOARD. WHICH PLAINTIFF FEELS PAROLE BOARD IGNORED. WHO BETTER TO KNOW PETITIONER THAN THOSE HE WORKS FOR AND THOSE HE SEE'S TO HELP HIM REHABILITATE HIMSELF THAN HIS COUNSELOR AND THERAPIST WHO HAVE COLLEGE DEGREES IN OFFENDERS OFFENSE.

THE PLAINTIFF HAS A CONSTITUTIONALLY-PROTECTED LIBERTY INTEREST IN THE STATE COMPLYING WITH EACH ELEMENT OF A PLEA CONTRACT UTILIZED TO INDUCE A GUILTY PLEA AND THE INHERENT WAIVER OF SIGNIFICANT RIGHTS. SEE, SANTOBELLO V. NEW YORK, 92 S.CT. 495 (1971) A PLEA CONTRACT ENTERED INTO BY AN AGENT (DISTRICT ATTORNEY) OF THE STATE MUST BE FULFILLED, UNITED STATES V. CLARK, 55 F.3D 9 (1ST CIR. (1995); AND CANNOT SUBSEQUENTLY BE REPUDIATED BY ANOTHER AGENT OR AGENTS, I.E., PENNSYLVANIA BOARD OF PROBATION AND PAROLE. THUS, WHEN A DEFENDANT NEGOTIATES WITH THE GOVERNMENT ON THE BASIS OF THE CLEAR LANGUAGE OF 42 PA.C.S. §§9721 AND 9756, WHICH ALL AGENTS OF THE STATE MUST HONOR. THESE ARE UNDER THE 1990 GUIDELINES.

IN SUMMARY, THE PLAINTIFF FEELS HE HAS PROVEN THAT HE DOES HAVE AND STATES A VIABLE CONSTITUTIONAL CLAIM UPON WHICH RELIEF CAN BE GRANTED BOTH IN HIS ORIGINAL 1983 COMPLAINT AND IN THIS OPPOSITION TO DISMISS COMPLAINT BRIEF.

WHEREFORE, PLAINTIFF PRAYS THAT FOR THE FOREGOING REASONS. THE COURT EXPEDITIOUSLY CONSIDERS AND RESOLVES THIS IMPASSE BY GRANTING PLAINTIFF'S MOTION IN OPPOSITION, AND DENY DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.

SEE ATTACHED EXHIBITS OF GREEN SHEETS EXHIBIT 1 - 1997, EXHIBIT 2 - 1998 GREEN SHEET, EXHIBIT 3 - 1998 GREEN SHEET, EXHIBIT 4 - 2001 GREEN SHEET.

DATE: 11-4-01

RESPECTFULLY SUBMITTED;

*James Lee Wagner*

JAMES LEE WAGNER
SCI-ROCKVIEW  BK-5396
BOX A
BELLEFONTE, PA. 16823
PLAINTIFF, PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER                          :
      PLAINTIFF                       :
                                          :   CIVIL ACTION NO. 3:CV-00-1290
                                          :
      V.                              :
                                          :
WILLIAM F. WARD,                          :
ET AL.,                                   :
      DEFENDANTS                      :

## VERIFICATION AND PROOF OF SERVICE

I, JAMES LEE WAGNER, HEREBY VERIFY UNDER THE PENALTIES FOR PERJURY THAT THE CONTENTS OF THIS MOTION IS TRUE AND CORRECT UPON BELIEF AND INFORMATION.

I, JAMES LEE WAGNER, HEREBY CERTIFY THAT I WILL PLACE IN THE MAILBOX AT SCI-ROCKVIEW, AN ORIGINAL AND TWO COPIES FOR THE FILING CLERK OF THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, U.S. DISTRICT COURT, 228 WALNUT STREET, P.O. BOX 983, HARRISBURG, PA. 17108, VIA CERTIFIED MAIL ON THE DATE LISTED BELOW.

UNDER SEPARATE COVER, I WILL SEND ONE TRUE AND CORRECT COPY TO PATRICK S. CAWLEY, DEPUTY ATTORNEY GENERAL, OFFICE OF ATTORNEY GENERAL, 15TH FL., STRAWBERRY SQUARE, HARRISBURG, PA. 17120, ATTORNEY FOR DEFENDANTS, AS SERVICE VIA FIRST CLASS MAIL ON THE DATE LISTED BELOW.

DATE: 4 NOVEMBER, 2001

*/s/ James Lee Wagner*

JAMES LEE WAGNER
SCI-ROCKVIEW BK-5396
BOX A
BELLEFONTE, PA. 16823
PLAINTIFF, PRO SE

-7-

NOTICE OF BOARD DECISION
BPP-15 (6/96)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 071697

CLIENT NAME: JAMES LEE WAGNER                                    PAROLE NO: 2241X

INSTITUTION: SCI - ROCKVIEW                                       INSTITUTION NO: 3K5396

AS RECORDED ON     063097     THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

REFUSE.
ASSAULTIVE INSTANT OFFENSE.
VERY HIGH ASSAULTIVE BEHAVIOR POTENTIAL.
VICTIM INJURY.
YOUR NEED FOR CONTINUED COUNSELING AND TREATMENT.

REVIEW IN OR AFTER FEBRUARY, 1998.
MUST PARTICIPATE IN PRESCRIPTIVE PROGRAM PLAN, INCLUDING
SEX OFFENDER PROGRAM.
YOU MUST CONTINUE TO MAINTAIN A CLEAR CONDUCT RECORD.
YOU MUST MAINTAIN AN INSTITUTIONAL RECOMMENDATION FOR PAROLE.

*SLR 07-16-97*

W. CONWAY BUSHEY
BOARD SECRETARY

EXHIBIT 1

NOTICE OF BOARD DECISION
PBPP-15(8/86)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 030398

CLIENT NAME: JAMES LEE WAGNER
INSTITUTION: SCI - ROCKVIEW
A/K/A JAMES PETER WAGNER

PAROLE NO: 2241X
INSTITUTION NO: BK5396

AS RECORDED ON 021998 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

CONTINUE PENDING RECEIPT OF:

- CCC EVALUATION FOR REGION #2 WITH AVAILABILITY/PROXIMITY OF SEX OFFENDER TREATMENT

[ CG 3-3-98 ]

W. CONWAY BUSHEY
BOARD SECRETARY

EXHIBIT 2

NOTICE OF BOARD DECISION
PBPP-15(8/98)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 061898

CLIENT NAME: JAMES LEE WAGNER

PAROLE NO: 2241X

INSTITUTION: SCI - ROCKVIEW

INSTITUTION NO: BK5396

A/K/A   JAMES PETER WAGNER

AS RECORDED ON   060898   THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS CONTINUED YOUR CASE

PENDING RECEIPT OF ADDITIONAL INFORMATION.

[ MEMO   04-23-98   CG 6-18-98 ]



W. CONWAY BUSHEY
BOARD SECRETARY

EXHIBIT 3

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 05/15/2001

CLIENT NAME: JAMES LEE WAGNER
INSTITUTION: SCI - ROCKVIEW

PAROLE NO: 2241X
INSTITUTION NO: BK5396

AS RECORDED ON 05/15/2001 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER MAY, 2002.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE CONTINUED TO PARTICIPATE IN A TREATMENT PROGRAM FOR: SEX OFFENDERS.

WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

*KBR 05-15-01*

CLIENT COPY
JAMES LEE WAGNER     BK5396
SCI - ROCKVIEW
BOX A
BELLEFONTE, PA       16823

*Kathleen Zwierzyna*
KATHLEEN ZWIERZYNA
BOARD SECRETARY

EXHIBIT 4