**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LEE WAGNER, | : | |
| | : | FILED |
| Plaintiff, | : | HARRISBURG, PA |
| | : | NOV 16 2001 |
| v. | : | MARY E. D'ANDREA, CLERK |
| | : | Per _____ Deputy Clerk |
| WILLIAM F. WARD, et al., | : | |
| | : | No. 3:CV-00-1290 |
| Defendants.: | | (Judge Yvette Kane) |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

**A.     Statement of Facts**

Plaintiff, a state prisoner, claims in this civil action that he has served his minimum sentence, but has been denied parole by defendants, who are Board Members of the Pennsylvania Board of Probation and Parole ("Parole Board"). Plaintiff concedes in his brief in opposition to defendants' motion to dismiss that the Parole Board must consider many statutorily mandated factors, including but not limited to the recommendations of the Department of Corrections. Plaintiff insists in his brief in opposition, however, that defendants have deprived him of due process by their failure to state explicitly the factors upon which they relied in denying him parole.

Plaintiff attached copies of the Parole Board's decisions to his complaint and

his brief in opposition. The decisions list such concerns of the Parole Board as "assaultive instant offense," "very high assaultive behavior potential," "victim injury," and "your need for continued counseling and treatment." The decisions also indicate factors that will be specifically considered by the Parole Board at the next review of plaintiff for parole, and these factors include plaintiff's participation in a treatment program for sex offenders and plaintiff's maintenance of a clear conduct record. Finally, the decisions indicate that the Parole Board granted an interview and a review of plaintiff's file each time the Parole Board considered plaintiff for parole.

Plaintiff also maintains that the Parole Board's denial of parole violates a contract allegedly reached by plaintiff with the prosecuting attorney.[1]

### B. Procedural History

Plaintiff filed his complaint on July 21, 2001. Defendants filed a motion to dismiss the complaint on September 25, 2001 and a brief in support of that motion on October 5, 2001. On November 13, 2001, defendants received plaintiff's brief in opposition to defendants' motion to dismiss the complaint. Defendants file this brief in reply to plaintiff's brief in opposition to the motion to dismiss the complaint.

---

[1] Defendants refer the Court to the brief in support of defendants' motion to dismiss the complaint for defendants' argument on this issue.

2

## ARGUMENT

The Supreme Court has noted that "[t]he parole-release decision . . . depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." Greenholtz v. Inmates of the Neb. Penal and Correctional Complex, 442 U.S. 1, 9-10 (1979). The Court concluded that "nothing in the due process concepts as they have thus far evolved . . . requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." Id. at 15. In addition to providing the inmate with an opportunity to be heard, the Court in Greenholtz decided that due process requires that the Parole Board only give some general reason for the denial in order to guide the inmate's future behavior. Id. Although the Third Circuit has not addressed this issue, many courts[2] after Greenholtz agree that due process does not require that parole boards give detailed and specific explanations for their decisions, but only show that they have

---

[2] See, e.g., Schuemann v. Colorado State Bd. of Adult Parole, 624 F.2d 172, 174 (10th Cir. 1980)("It would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function.").

3

performed their statutory duties.[3]

Section 22 of the Parole Act provides that "whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record in the offices of the board . . ." 61 Pa. Cons. Stat. § 331.22. In Hollawell v. Pennsylvania Bd. of Probation and Parole, 701 A.2d 290 (Pa. Commw. Ct. 1997), the court considered a Parole Board decision that simply read, "Refuse. Habitual offender. Your need for treatment. Unfavorable recommendation from the District Attorney." The court concluded that "[e]ven though the Board's decision . . . was neither extremely detailed nor specific, all that the Board had to do under Section 22 of the Act was to provide a brief statement of its reasons. Notwithstanding its lack of elaboration, we conclude that it has done so." Id. at 291.

The decisions attached to plaintiff's complaint and brief in opposition show that the Parole Board interviewed plaintiff and reviewed his file before each denial of parole. The Parole Board's decision on June 30, 1997, which is the first decision

---

[3] Plaintiff relies on Johnson v. Chairman of New York State Bd. of Parole, 500 F.2d 925 (2nd Cir. 1974), to suggest a more heightened standard for parole boards. After Greenholtz, the Second Circuit abandoned the reasoning set forth in the Johnson decision. Pugliese v. Nelson, 617 F.2d 916, 923 (2nd Cir. 1980). Plaintiff also relies on the pre-Greenholtz decision in Richerson v. Wolff, 525 F.2d 797 (7th Cir. 1976). The parole board in that case denied parole simply because an early release would "depreciate the seriousness of the crime," and the Court found this explanation to be constitutionally sufficient.

4

attached to plaintiff's brief in opposition, listed the following reasons for the denial of parole: "assaultive instant offense," "very high assaultive behavior potential," "victim injury," and "your need for continued counseling and treatment." This decision, and each denial of parole thereafter, guides the plaintiff's behavior by notifying him that the Parole Board will consider at his next review the plaintiff's progress in treatment programs and the plaintiff's conduct record. Accordingly, the Parole Board at all times provided plaintiff with an opportunity to be heard, as well as the reasons for their denial and guidance for plaintiff's future behavior. The Parole Board's reasoning not only satisfied their statutory duties, but also followed from reasonable considerations that are not mandated by statute.

Plaintiff, therefore, fails to present a viable claim that the Parole Board has deprived him of due process or equal protection of law.

## CONCLUSION

Accordingly, this complaint should be dismissed for failing to state a claim upon which relief may be granted.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: *Patrick S. Cawley*
PATRICK S. CAWLEY
Deputy Attorney General
Attorney I.D. 85575

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
Direct: (717) 705-8572

**COUNSEL FOR DEFENDANTS**

Date: November 16, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER, :
:
Plaintiff, :
:
v. :
:
WILLIAM F. WARD, et al., :
: No. 3:CV-00-1290
Defendants.: (Judge Yvette Kane)

## CERTIFICATE OF SERVICE

I, Patrick S. Cawley, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on November 16, 2001, I served a true and correct copy of the foregoing **Reply Brief in Support of Motion of Defendants to Dismiss the Complaint** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

James Wagner, BK-5396
SCI-Rockview
Box A
Bellefonte, PA 16823

*Patrick A. Cawley*
**PATRICK S. CAWLEY**
**Deputy Attorney General**