

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LEE WAGNER | : |
| PLAINTIFF | : |
| | :   NO: 3:CV-00-1290 |
| | :   (JUDGE YVETTE KANE) |
| V. | : |
| | : |
| WILLIAM F. WARD, ET AL., | : |
| DEFENDANT'S | : |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S REPLY BRIEF TO DISMISS COMPLAINT

THE DEFENDANT'S, MEMBERS OF THE PENNSYLVANIA'S BOARD OF PROBATION AND PAROLE, BY THEIR COUNSEL FILED A REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS ON NOVEMBER 16, 2001. THIS WAS RECEIVED BY PLAINTIFF ON NOVEMBER 19, 2001.

THIS IS PLAINTIFF'S BRIEF INTO REPLY TO DEFENDANT'S RESPONSE.

DEFENDANT'S RELIED ON THE FACT THAT MY FIRST GREEN SHEET GAVE THE REASON FOR PAROLE DENIAL.

DEFENDANT'S ALSO STATED THAT THE CASE LAW PLAINTIFF USED IN HIS OPPOSITION WAS ABANDONED BY THE GREENHOLTZ CASE.

### ARGUMENT

IN RESPONSE TO CASES BEING CITED THAT COULD HAVE DECISIONS CHANGED BY OTHER CASE LAW. THIS IS ANOTHER REASON PLAINTIFF REQUESTED COUNSEL BE APPOINTED TO HIM BY THE COURT IN HIS MOTION FOR THE APPOINTMENT OF COUNSEL DATED 6 NOVEMBER, 2001.

IN REPLY TO THE REST OF DEFENDANT'S BRIEF I GIVE THE FOLLOWING ARGUMENT BASED ON PERSONAL FACT AND CASE LAW FOUND BY PLAINTIFF. DEFENDANT'S STATE THAT BOARD REASONS GIVEN ON FIRST INITIAL GREENSHEET I.E. ASSAULTIVE INSTANT OFFENSE, VERY HIGH ASSAULTIVE BEHAVIOR POTENTIAL, VICTIM INJURY, AND YOUR NEED FOR CONTINUAL COUNSELING AND TREATMENT, AS BASIS FOR ALL THE ADDITIONAL GREENSHEETS THAT FOLLOWED. PLAINTIFF STATED IN HIS OPPOSITION BRIEF THAT THESE REASONS THAT WERE GIVEN COULD NOT BE CHANGED DUE TO THE NATURE OF THE CRIME. PLAINTIFF CAN ONLY CHANGE HIS LIFE FROM THE TIME HE DECIDED TO CHANGE HIS LIFE TO THE PRESENT. THE GREENSHEET AS STATED IN OPPOSITION BRIEF AFTER

-1-

THAT GAVE EXPECTATIONS FOR PAROLE BY STATING CONTINUED PENDING CCC EVALUATION AND BY BEING TOLD BY PAROLE AGENT WHO IS PART OF THE "BOARD" STATED THAT HE SENT A LETTER BACK TO THE "BOARD" HIGHLY RECOMMENDING PLAINTIFF FOR PAROLE TO A CCC CENTER. THE GREENSHEETS THAT FOLLOWED AFTER THAT GAVE NO BASIS REASONS AND NOR DO THEY SAY REFER TO INITIAL GREENSHEET FOR REASONS.

PETITIONER ALSO STATED IN HIS OPPOSITION THAT HIS EQUAL PROTECTION RIGHTS WERE VIOLATED BY ALLEGING THAT WITH REGARD TO PAROLE PROCEDURES HE HAD NOT BEEN AFFORDED THE SAME PROCESS FOR PAROLE THAT WAS AVAILABLE TO INMATES WITH LIKE STATUS AND THAT HE HAD BEEN DISCRIMINATED AGAINST FOR NO REASON. (PLAINTIFF WAS INCARCERATED IN 1990, WHICH PAROLE GUIDELINES ARE TO BE USED FOR PLAINTIFF, BUT PAROLE BOARD USES THE 1995 PAROLE GUIDELINES. [IN 1990 ONLY ONE SIGNATURE FOR RELEASE WAS NEEDED, TODAY THEY REQUIRE 3 OR MORE] ETC.)

IN, JUBILEE V. HORN, 959 F. SUPP. 276 (F.D. PA. (1997), CONSTITUTIONAL LAW COVERS THIS. THIS IS A VIOLATION OF THE U.S.C.A. CONST. AMEND. 14. IT IS ALSO AN EX POST ACTO LAW VIOLATION AS STATED IN PLAINTIFF'S BRIEF FOR OPPOSITION.

I.D. PAGE 276, CONSTITUTIONAL LAW KEY 197, ANY LAW THAT MAKES MORE BURDENSOME THE PUNISHMENT FOR THE CRIME AFTER ITS COMMISSION IS PROHIBITED AS EX POST FACTO. U.S.C.A. CONST. ART. 1 § 10, CL. 1.

I.D. AT 278-79, A COURT SHOULD DISMISS A CLAIM PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION ONLY IF IT APPEARS CERTAIN THAT NO RELIEF COULD BE GRANTED UNDER ANY SET OF FACTS WHICH COULD BE PROVED. HISHON V. KING & SPALDING, 467 U.S. 69, 73, 104 S.CT. 2229, 2232, 81 L.ED. 2D 59 (1984). GRANTING SUCH A MOTION DETERMINES THE MERITS AT AN EARLY STAGE OF A PLAINTIFF'S CASE, THEREFORE THE COURT MUST ACCEPT AS TRUE ALL OF THE ALLEGATIONS IN THE PLEADINGS AND MUST GIVE THE PLAINTIFF THE BENEFIT OF EVERY FAVORABLE INFERENCE THAT MAY BE DRAWN FROM THESE ALLEGATIONS. SCHROB V. CATTERSON, 948 F.2D 1402, 1405 (3D CIR. (1991); MARKOWITZ V. NORTHEAST LAND CO., 906 F.2D 100, 103, (3D CIR. 1990). MOREOVER A PRO SE COMPLAINT MUST BE LIBERALLY CONSTRUED AND HELD TO A LESS STRINGENT THAN FORMAL PLEADINGS. ESTELLE V. GAMBLE, 429 U.S. 97, 97 S.CT. 285, 50 L.ED. 2D 251 (1976). A PRO SE ACTION "CAN ONLY BE DISMISSED FOR FAILURE TO STATE A CLAIM IF IT APPEARS "BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF." I.D. AT 106, 97 S.CT. AT 292 (QUOTING HAINES V. KERNER, 404 U.S. 519, 521, 92 S.CT. 594, 596, 30 L.ED. 2D 652 (1972).

PLAINTIFF HAS GIVEN VALID ARGUMENTS THAT THE "BOARD" HAS VIOLATED HIS DUE PROCESS RIGHTS, EQUAL PROTECTION RIGHTS, VIOLATED HIS EX POST FACTO RIGHTS, ETC. IN HIS INITIAL COMPLAINT AND IN HIS OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS COMPLAINT. HE HAS ALSO GIVEN VALID ISSUES THAT ALL SHOW THAT HE SHOULD BE ABLE TO GET RELIEF FROM THIS COURT ON.

IN THE DUE PROCESS RIGHTS HE HAS STATED THAT DEFENDANTS HAVE ARBITRARY AND CAPRICIOUS DENIED PAROLE BY USING THE NEW GUIDELINES AFTER 1995, AND BY GIVING EXPECTATIONS TO BE PAROLE BY GREENSHEET STATING CONTINUE PER CCC EVALUATION AND THEN BEING TOLD HE WAS HIGHLY RECOMMENDED BY HIS PAROLE AGENT WHO IS PART OF THE "BOARD". THIS CONSTITUTES A SUBSTANTIVE DUE PROCESS VIOLATION SEPARATE AND DISTINCT FROM ANY PROCEDURAL DUE PROCESS CLAIM. THE COURT OF APPEALS IN JUBILLE V. HORN PAGE'S 279-280 DOES APPEAR TO RECOGNIZE SUCH A CLAIM OF ACTION.

IN, <u>BLOCK V. POTTER</u>, 631 F.2D. 233 (3D CIR. 1980), THE COURT REASONED THAT "THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVIDUAL AGAINST THE ARBITRARY ACTION OF GOVERNMENT. (QUOTING WOLF V. MCDONNELL, 418 U.S. 539, 558, 94 S.CT. 2963, 2976, 41 L.ED. 2D 935 (1974). THUS [E]VEN IF A STATE DOES NOT GIVE A RISE TO A LIBERTY INTEREST IN PAROLE RELEASE UNDER GREENHOLTZ, ONCE A STATE INSTITUTES A PAROLE SYSTEM ALL PRISONERS HAVE A LIBERTY INTEREST FLOWING DIRECTLY FROM THE DUE PROCESS CLAUSE IN NOT BEING DENIED PAROLE FOR ARBITRARY OR CONSTITUTIONAL IMPERMISSIBLE REASONS. CONSEQUENTLY, IN ALLEGING THAT THE [BOARD OF PAROLE] ACTED ARBITRARILY BY BASING ITS DECISION ON IMPERMISSIBLE GROUNDS, WE BELIEVE THAT THE PLAINTIFF HAS STATED A VALID DUE PROCESS CLAIM THAT THIS COURT MUST RESOLVE. ID. AT 236. THE COURT ALSO REAFFIRMED THIS HOLDING IN <u>BURKETT V. LOVE</u>, 89 F.3D 135 (3D CIR. 1996), WHEN IT EXPLAINED THAT EVEN THOUGH A PENNSYLVANIA PRISONER HAS NO PROTECTABLE LIBERTY INTEREST IN PAROLE, "[A] LEGISLATIVE GRANT OF DISCRETION DOES NOT AMOUNT TO A LICENSE FOR ARBITRARY BEHAVIOR.

PLAINTIFF STATES THAT DEFENDANT'S ARBITRARILY AND CAPRICIOUSLY HAVE APPLIED DIFFERENT PAROLE POLICIES AND PROCEDURES FROM THOSE OF 1990. HE ALSO FEELS DISCRIMINATED AGAINST BY THE DEFENDANTS FOR NO REASON.

THIS ALSO FALLS UNDER THE EQUAL PROTECTION RIGHTS AND EX POST FACTO RIGHTS. PLAINTIFF ALSO ALLEGES THAT INMATES WITH LIKE CRIMES HAVE BEEN PAROLED BY DEFENDANT'S AND FEELS THEY HAVE SINGLED HIM OUT FOR A HARSHER TREATMENT THAN THAT ACCORDED TO SIMILARLY SITUATED PRISONERS.

IN CONCLUSSION, PLAINTIFF HAS STATED VALID ISSUES THAT RELIEF SHOULD BE GRANTED ON. HE HAS SHOWN ISSUES OF EXPECTATION BY THE DEFENDANTS, HE

HAS SHOWN THAT DEFENDANTS GAVE NO REASONS ON ALL BUT ONE GREENSHEET AS SHOWN IN EXHIBITS ON COMPLAINT AND OPPOSITION BRIEF, HE HAS SHOWN EX POST FACTO VIOLATIONS, HE HAS SHOWN, EXPECTATIONS GIVEN BY DEFENDANTS, ETC.

WITH THIS ADDITIONAL ARGUMENT AND THE ORIGINAL COMPLAINT AND OPPOSITION BRIEF THE PLAINTIFF PRAYS THE COURT EXPEDITIOUSLY CONSIDERS AND RESOLVES THIS IMPASSAE BY GRANTING PLAINTIFF'S MOTION FOR OPPOSITION, AND DENY DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.

ALSO PLAINTIFF REQUESTS THIS COURT TO GRANT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL THAT WAS FILED ON 6 NOVEMBER, 2001.

DATE: 25 NOVEMBER 2001

RESPECTFULLY SUBMITTED;

*James Lee Wagner*

JAMES LEE WAGNER
SCI-ROCKVIEW BK-5396
BOX A
BELLEFONTE, PA. 16823
PLAINTIFF, PRO SE

-4-