UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,  :
      Plaintiff  : CIVIL NO. 1:CV-00-1290
      v.  : (Judge Kane)
WILLIAM F. WARD, ET AL,  :
      Defendants  :

FILED
HARRISBURG, PA
DEC -6 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**ORDER**

**Background**

    Plaintiff James Lee Wagner, an inmate at the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. On November 15, 2001, the court received from the Plaintiff a motion for appointment of counsel (Doc. 28).

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

    Wagner's motion fails to set forth sufficient special

circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Wagner will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Wagner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Plaintiff.

AND NOW, THEREFORE, THIS 30th DAY OF Nov, 2001, IT IS HEREBY ORDERED THAT:

    Plaintiff's motion for appointment of counsel (Doc. 28) is denied.

_____
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

December 6, 2001

Re:  1:00-cv-01290    Wagner v. Ward


True and correct copies of the attached were mailed by the clerk
to the following:

    James Lee Wagner
    SCI-R
    SCI at Rockview
    BK-5396
    P.O. Box A
    Bellefonte, PA  16823

    Patrick S. Cawley, Esq.
    Office of Attorney General
    15th Floor, Strawberry Square
    Harrisburg, PA  17120


```
cc:
Judge                         (✓)            (✓) Pro Se Law Clerk
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen   ( )    PA Atty Gen ( )
                                       DA of County  ( )    Respondents ( )

Bankruptcy Court              ( )
Other_____( )
```

                                                                        MARY E. D'ANDREA, Clerk

12-6-01