ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(34)
5/8/0
nfp

| | | |
|---|---|---|
| JAMES LEE WAGNER | : | |
| PLAINTIFF | : | NO. 3:CV-00-1290 |
| V. | : | (JUDGE YVETTE KANE) |
| | : | **FILED** |
| | : | HARRISBURG, PA |
| WILLIAM F. WARD, ET AL | : | |
| DEFENDANTS | : | MAY 0 7 2002 |

MARY E. D'ANDREA, CLERK
Per ____
Deputy Clerk

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

PLAINTIFF REQUEST THIS HONORABLE COURT TO ORDER THE DEFENDANTS TO PRODUCE COPIES/DOCUMENTS LISTED IN HIS MOTION FOR PRODUCTION OF DISCOVERY DOCUMENTS, (SEE, EXHIBIT A). PLAINTIFF HAS TRIED TO RESOLVE HIS DISCOVERY WITH THE DEFENDANT'S, BUT HAS BEEN UNABLE TO DO SO. THE FOLLOWING IS A SHORT HISTORY OF PLAINTIFF'S DISCOVERY PROCESS:

(1) 27 JANUARY, 2002, PLAINTIFF SERVED TO THE COURT AND DEFENDANT'S A MOTION FOR PRODUCTION OF DISCOVERY, (SEE EXHIBIT A).

(2) ON/OR ABOUT 1 MARCH, PETITIONER RECEIVED LETTER DATED FEBRUARY 28, 2002, (SEE, EXHIBIT B) FROM DEFENDANT'S ATTORNEY.

(3) ON/OR ABOUT MARCH 1, 2002, PETITIONER ALSO RECEIVED DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS (SEE EXHIBIT C). THE ONLY DISCOVERY DEFENDANT'S PRODUCED WERE, WORK REPORTS/HOUSING REPORTS/PRESCRIPTIVE PROGRAM. DEFENDANT'S USED EXECUTIVE PRIVILEGE AS REASON FOR NOT PRODUCING COPIES OF DOCUMENTS REQUESTED AND STATED THE DOCUMENTS REQUESTED WERE VAGUE. THE DEFENDANTS BRIEF SHOWS THEY DID KNOW WHAT WAS BEING ASKED FOR.

(4) ON MARCH 17, 2002 PETITIONER SENT TO THE DEFENDANT'S A LETTER TRYING TO RESOLVE THIS MATTER, (SEE EXHIBIT D),

(5) AND A CONTINUED REQUEST FOR DEFENDANT'S TO PRODUCE DISCOVERY DOCUMENTS (SEE EXHIBIT E).

(6) ON MARCH 21, 2002, PETITIONER RECEIVED LETTER FROM DEFENDANT'S ATTORNEY USING EXECUTIVE PRIVILEGE.

NOW THIS PLAINTIFF IS ASKING THE COURT TO INTERVENE AND BASED ON THE ATTACHED BRIEF IN SUPPORT OF THE DOCUMENTS PLAINTIFF IS REQUESTING, TO HAVE

-I-

BRIEF IN SUPPORT OF MOTION TO

COMPEL DISCOVERY

AND NOW, PETITIONER, PRO SE, JAMES LEE WAGNER, IN SUPPORT OF MOTION TO COMPEL DISCOVERY, AVERS, THAT ON JANUARY 27, 2002, A "MOTION FOR PRODUCTION OF DISCOVERY DOCUMENTS". (SEE, EXHIBIT A), WAS FILED WITH THIS HONORABLE COURT AND SERVED BY POSTAGE PAID MAIL UPON PATRICK S. CAWLEY, DEPUTY ATTORNEY GENERAL, PURSUANT TO RULE 34, FED. R. CIV. P.

ON/OR ABOUT MARCH 1, 2002, PETITIONER RECEIVED LETTER DATED FEBRUARY 28, 2002 (SEE, EXHIBIT B), FROM PATRICK CRAWLEY, DEPUTY ATTORNEY GENERAL, AND "DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS" (SEE, EXHIBIT C) (HEREAFTER "DEFENDANT'S RESPONSE").

ON MARCH 17, 2002, PETITIONER SERVED BY POSTAGE PAID MAIL, PATRICK S. CRAWLEY, DEPUTY ATTORNEY GENERAL, A LETTER (SEE, EXHIBIT D) FOR A CONTINUED REQUEST FOR DOCUMENTS, AND "PLAINTIFF'S CONTINUED REQUEST FOR DEFENDANT'S TO PRODUCE DISCOVERY DOCUMENTS." (SEE, EXHIBIT E).

ON MARCH 21, 2002, PETITIONER RECEIVED LETTER DATED MARCH 19, 2002 (SEE, EXHIBIT F), FROM PATRICK CRAWLEY, DEPUTY ATTORNEY GENERAL.

PETITIONER AVERS, THAT IN HIS CAPACITY AND KNOWLEDGE, HE HAS BEEN SPECIFIC AND MAINTAINS, THAT REQUESTED DOCUMENTS ARE PERTINENT TO HIS CLAIMS SET FORTH IN THIS INSTANT PETITION.

REMITTED TO PETITIONER AS A RESULT OF "MOTION FOR PRODUCTION OF DISCOVERY DOCUMENTS", (SEE, EXHIBIT A), WERE ONLY 1.B. – ALL COPIES OF HIS PRESCRIPTIVE PLAN, AND 1.C – ALL WORK AND HOUSING REPORTS.

"DEFENDANT'S RESPONSE" – "RESPONSE TO 1. A-F: – MR. CRAWLEY STATES "EVALUATIONS/DETERMINATIONS" REQUEST IS VAGUE AND THERE ARE NO CLEAR MEANING TO THOSE WORDS."

THESE       "EVALUATIONS/DETERMINATIONS"       ARE       ANY       AND       ALL "EVALUATIONS/DETERMINATIONS" THAT THE "PENNSYLVANIA BOARD OF PROBATION AND PAROLE" (HEREAFTER "BOARD") HAVE USED TO MAKE A DECISION TO DENY PETITIONER "PAROLE." ANY AND ALL USED IN THE "PAROLE PROCESS."

DEFENDANT'S RIGHTFULLY STATE PETITIONER WAS GIVEN COPIES OF EACH "BOARD" DECISION, OR "GREEN SHEET."

THESE "EVALUATIONS/DETERMINATIONS" ARE REDUNDANCY.

(SEE, EXHIBIT C, PAGE 2, "DEFENDENTS RESPONSE")  "DEFENDANTS OBJECTS TO PLAINTIFF'S REQUEST FOR INSTITUTIONAL PAROLE "STAFFINGS" AND STAFFING'S" WITH REGARD TO PLAINTIFF'S REHABILITATION, BECAUSE THESE REQUESTS ARE VAGUE AND THERE IS NO CLEAR MEANING TO THE LANGUAGE."

"PETITIONER CLAIMS" 1.B:  ---  "INSTITUTIONAL PAROLE STAFFINGS" ARE AN IMPORTANT PART OF THE "PAROLE PROCESS" AND AT THIS "STAFFING", RESULTS OF EVALUATIONS/DETERMINATIONS BY "ROCKVIEW STAFF" MANIFEST AS A "RECOMMENDATION" OR "NON RECOMMENDATION" FOR PAROLE.

I.E. - "ALL STAFFINGS THAT HAD TO DO WITH PLAINTIFF'S REHABILITATION" HAVE TO DO THE WITH "SPECIALIZED STAFF" AT ROCKVIEW.  "ONE ON ONE THERAPY", STAFF DIRECT CONTACTS, AND EVALUATIONS/DETERMINATIONS.

"ONE     ON     ONE     THERAPY"     -     INDEPTH     STAFF     CONTACTS, EVALUATIONS/DETERMINATIONS.

"PROGRAM     THERAPY"     -     STAFFS     DIRECT     CONTACTS,     AND EVALUATIONS/DETERMINATIONS.

"COUNSELING"  - STAFFS DIRECT CONTACTS, AND EVALUATIONS/DETERMINATIONS.

THESE "STAFFINGS" DIRECTLY AFFECT PETITIONER AND RESULT IN "PROGRESS DIRECTIONS" AND "PROGRESS REPORTS", DIRECTLY RESULTING IN PRESCRIPTIVE PROGRAMS PLANS.

I.E., ALL PSYCHOLOGICAL EVALUATIONS USED FOR PAROLE PURPOSES.

(SEE EXHIBIT C, PAGE 2, "DEFENDANT'S RESPONSE), DEFENDANT'S OBJECT TO PETITIONER'S "GENERAL REQUEST" AND "SPECIFIC REQUEST FOR PSYCHOLOGICAL RECORDS," STATING ALSO "THEY ARE PROTECTED FROM DISCLOSURE BY "EXECUTIVE PRIVILEGE.""

(SEE, EXHIBIT C, PAGE 2, "DEFENDANT'S RESPONSE"),  "PLAINTIFF'S REQUESTS CALL FOR RECORDS PROVIDED BY NUMEROUS CORRECTIONS TREATMENT PERSONNEL, INCLUDING COUNSELORS AND PSYCHOLOGISTS... THE VALUE OF THESE ENTRIES LIES IN THE CANDID NATURE OF THE RESPONSES.  IF THESE FILES WERE READILY AVAILABLE TO INMATES OR THE PUBLIC, CORRECTIONS STAFF WOULD TEND TO REFRAIN FROM ENTERING THEIR HONEST OPINIONS AND EAVALUATIONS."

(ARE PETITIONER'S EVALUATIONS AND DIRECTIONS FROM STAFF INFERRED TO BE ERRONEOUS AS A PLACEBO TO BE PLACATE HIM AND LEAD HIM ON, THIS WOULD BE MALICIOUS). STAFF ONE ON ONE THERAPY ESPECIALLY ARE INDEPTH AND INFORMATIVE TO FINAL STAGES OF REHABILITATION.

"DISCOVERY OF DOCUMENTS" CANNOT BE ACCOMPLISHED WITHOUT THE SURRENDER OF SAID COMPLETE S.C.I. ROCKVIEW RECORD AND OTHER PERTINENT DOCUMENTS/RECORDS. ANY AND ALL DOCUMENTS USED IN "BOARDS" DECISION MAKING PROCESS, COMPLETE PAROLE RECORD, THAT IS IMPLEMENTED IN THE PROCESS EMPLOYED ARE ESSENTIAL TO PETITIONER.

THESE DOCUMENTS INCLUDE S.C.I. ROCKVIEW RECORDS OF PETITIONER AND "BOARD" RECORDS WHICH INCLUDE S.C.I. ROCKVIEW RECORDS AND ADDITIONALLY THEIR EVALUATIONS/DETERMINATIONS WHICH ARE COMBINED IN THEIR DECISION MAKING PROCESS TO ULTIMATELY RENDER A DECISION/"GREENSHEET".

PETITIONER'S "CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND", (SEE ORIGINAL 1983 COMPLAINT FILED WITH COURT ON 4 JULY, 2000, PAGE 2. (7)) "THE PLAINTIFF IS NOT CHALLENGING HIS DENIAL OF PAROLE, BUT IS CHALLENGING THE PROCESS EMPLOYED IN THE DECISION MAKING PROCESS, AND THE DEVIATION FROM STATUTE AND LAW DEFINED IN PENNA. PAROLE ACT." STATUTE IN PLACE WHEN HE WAS SENTENCED (1990).

(SEE, EXHIBIT C PAGE 3, "DEFENDANT'S RESPONSE"), "ADDITIONALLY, IF A PRISONER KNOWS HOW HE WILL BE EVALUATED BY STAFF AND HOW PARTICULAR RESPONSES ARE LIKELY TO BE INTERPRETED, HE WILL BE CAPABLE OF MANIPULATING THE RESULTING DIAGNOSIS. AS A RESULT, THE INMATE'S SITUATION WILL NOT BE ASSESSED ACCURATELY, AND A VALID COURSE OF REHABILITATIVE TREATMENT CANNOT BE PRESCRIBED. PRESERVATION OF THE CONFIDENTIAL NATURE OF TREATMENT-RELATED INFORMATION IS CRITICAL TO ENSURE THE COOPERATION OF ALL INMATES INVOLVED IN ANY COURSE OF TREATMENT."

WHEN PETITIONER FOLLOWED DIRECTION AND COMPLIED WITH ALL PRESCRIPTIVE PROGRAM PLANS, HE HAD NO NEED TO MANIPULATE NOR SEEK TO MANIPULATE ANY PROGRAM OR REHABILITATIVE TREATMENT.

PETITIONER'S "MERITS" - COMPLETIONS, COMPLETION OF PRESCRIPTIVE PROGRAM PLANS, EVALUATIONS, PSYCHOLOGISTS EVALUATIONS - INSTITUTION RECOMMENDATION PRESENT THEMSELVES.

PETITIONER AVERS, REHABILITATIVE TREATMENT IS FAR BEYOND DIVERSION DEFENDANTS USED FOR "OBJECTION" TO "PETITIONERS REQUEST FOR DISCOVERY DOCUMENTS."

IT IS AN ESTABLISHED FACT, PETITIONER HAS COMPLETED ALL PROGRAMS NEEDED, FOR "ROCKVIEW STAFF" - "INSTITUTION RECOMMENDATION TO PAROLE." HE HAS BEEN "PAROLE APPROVED AND READY" - BY ALL INSTITUTION DOCUMENTS, OTHERWISE "ONE" STAFFED FOR "PAROLE" CANNOT "ATTAIN TO A "PAROLE RECOMMENDATION" (SEE, EXHIBIT G, PRESCRIPTIVE PROGRAM FOR YEAR 2002), SHOWS EVEN HIS COUNSELOR STATES PREPARE FOR PAROLE RELEASE.

"BOARD" ORDER (SEE PETITIONER'S BRIEF IN SUPPORT OF OPPOSITION TO DISMISS, GREENSHEET EXHIBIT 2) CCC PLACEMENT - CCC PLACEMENT APPROVAL, IS DIAMETRICAL TO DIVERGENCE OF FOLLOWING "BOARD ORDERS."

IF PETITIONER DOES NOT KNOW HOW HE WILL BE EVALUATED, AS PERTAINING TO THE DIRECTION OF STAFF AND WHAT MUST BE ACCOMPLISHED FOR REHABILITATIVE NEEDS, OR WHAT HIS "REHABILITATIVE NEEDS" ARE, IF IN FACT HE IS "UNAWARE" OF THEM, HE WOULD BE DISADVANTAGED FROM PROGRESS AND REHABILITATION. EVIDENTLY, THE DEPUTY ATTORNEY GENERAL IS FAR REMOVED FROM THE REHABILITATIVE PROCESS TO UNDERSTAND THIS IS ESSENTIAL TO PETITIONER'S REHABILITATION NEEDS, HOWEVER THE CLAIMS SET FORTH IN THIS INSTANT PETITION ARE NOT A "REFUTING" OF "STAFFS" RECOMMENDATION, ONLY THE NECESSARY "DISCOVERY" OF THESE SPECIFIC DOCUMENTS WHICH PETITIONER SEEKS, ARE "AFFIRMATIONS" OF STAFF'S RECOMMENDATIONS. TO THE "CONTRARY" "DEFENDANTS RESPONSE" AND "OBJECTIONS TO DISCOVERY", SEEKS TO DIVERT FROM THESE DOCUMENTS WHICH, SOME PETITIONER KNOWS OF, AND ARE IN FACT AN AFTERMATH OF WHAT "DEFENDANTS OBJECT" TO HAVING DISCOVERED.

(SEE EXHIBIT C, PAGE 3, "DEFENDANT'S RESPONSE") "THESE INACCURACIES CAN ALSO RESULT IN COMPLETELY IMPROPER INSTITUTIONAL PLACEMENT, AND THE INMATE OR OTHERS MAY BE EXPOSED TO DANGER. THE INACCURACIES COULD ALSO RESULT IN PREMATURE RELEASE FROM CUSTODY ON PAROLE, THEREBY EXPOSING THE COMMUNITY AT LARGE TO DANGER. THE CUMULATIVE EFFECT OF DISCLOSING THESE DOCUMENTS WOULD BE THAT NECESSARY DOCUMENTATION WOULD NOT OCCUR, AND THE INMATE FILE WOULD FAIL TO BE AN EFFECTIVE AND CANDID RECORD OF THE INMATE'S ADJUSTMENT AND THE RISK POSED BY THE INMATE TO THE INSTITUTION AND THE PUBLIC. IF INMATE FILES WERE ROUTINELY MADE AVAILABLE TO INMATES, IT WOULD BE DETRIMENTAL TO THE TREATMENT AND SAFETY OF THE INMATES, THE SAFETY OF THE STAFF, THE SECURITY AND ORDER OF THE INSTITUTION, AND WOULD SIGNIFICANTLY INCREASE THE DIFFICULTY OF PRISON ADMINISTRATION AND INMATE TREATMENT. ACCORDINGLY, THE DEFENDANTS

MUST OBJECT TO THE DISCLOSURE OF THE DOCUMENTS SOUGHT BY PLAINTIFF FROM HIS INMATE FILE, BECAUSE SUCH A DISCLOSURE WOULD COMPROMISE THE SECURITY AND PENOLOGICAL MISSION OF THE INSTITUTION."

"DEFENDANTS" OBJECT TO PLAINTIFF'S REQUEST FOR DOCUMENTS ABOUT WHICH PLAINTIFF IS NOT AWARE.

AN OVERVIEW OF "ALL GREENSHEETS/DECISIONS" STATING "WHAT PETITIONER IS TO BE REVIEWED FOR" AND IN "BOARDS" TERMINOLOGY AND DIRECTION" IS NOT CONDUSIVE TO PETITIONERS UNDERSTANDING OF "WHAT IN FACT MUST BE ACCOMPLISHED TO RECEIVE A "PAROLE GRANT" BECAUSE, IN THE CASE OF "GREENSHEETS/DECISIONS" (SEE, PETITIONER'S 1983 CLAIM AND PETITIONER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS), THESE REQUESTS ARE VAGUE AND UNCLEAR AS RELATING TO "PAROLE DENIAL" IN THAT "THESE" "DIRECTIONS" AS "PETITIONER UNDERSTANDS" AND "ROCKVIEW STAFF UNDERSTANDS OF WHAT MUST BE ACCOMPLISHED" - HAVE ALREADY BEEN ACCOMPLISHED.    SEE, VOSS V. PA. BD. OF PROBATION AND PAROLE, 788 A.2D 1107 (PA. CMWLTH. 2001).

(THIS IS THE NEXUS OF PETITIONERS CLAIM)

SEE, EXHIBIT C, PAGE 4, "DEFENDANTS RESPONSE), DEFENDANT'S DO NOT OBJECT TO THE PRODUCTION OF PRESCRIPTIVE PROGRAM PLANS OR WORK AND HOUSING REPORTS. (PETITIONER RECEIVED THESE COPIES FROM DEFENDANT).

PETITIONER HAS ACCESS TO THESE AND RECEIVES THEM AS AN EVALUATION AND DIRECTION OR AFFIRMATION OF PROGRESS ACCOMPLISHED.

(SEE, EXHIBIT C, PAGE 4 - A,B,C,D, "DEFENDANT'S RESPONSE") "DEFENDANTS OBJECT TO PLAINTIFF'S REQUEST FOR ALL PERTINENT INFORMATION AND FOR THE RECOMMENDATIONS AND EVALUATIONS OF PAROLE AGENTS, BECAUSE SUCH DOCUMENTS ARE PROTECTED FROM DISCLOSURE BY EXECUTIVE PRIVILEGE.    THE RATIONALE FOR DEFENDANTS' OBJECTION IS EXPLAINED IN RESPONSE TO THE PREVIOUS DOCUMENT REQUEST.    DEFENDANTS OBJECT TO PLAINTIFF'S REQUEST FOR "PORTIONS OF PLAINTIFF'S RECORD WHICH HE IS NOT AWARE OF," BECAUSE DEFENDANTS HAVE NO WAY OF KNOWING THE PORTIONS OF PLAINTIFF'S RECORD ABOUT WHICH PLAINTIFF IS AWARE OR UNAWARE."

PETITIONER AVERS, THESE DOCUMENTS ARE PERTINENT AND IMPERATIVE AS THEY NOT ONLY SUBSTANTIATE HIS CLAIM BUT ARE THE VERY RESULTS OF PETITIONERS "LIFE" AND "REHABILITATION" AND THESE EVALUATIONS/RECOMMENDATIONS ARE IN FACT THE "PAROLE PROCESS" JOINED TO "ROCKVIEWS STAFF" EVALUATIONS/RECOMMENDATIONS.

PETITIONER IS AWARE OF "RISK LEVEL" AT TIME OF PAROLE EVALUATION, "PAROLE AGENTS RECOMMENDATIONS" AS WELL AS "PAROLE AGENT'S RECOMMENDATION FOR CCC." (AND MAINTAINS AND AVERS, THESE DOCUMENTS ARE ESSENTIAL TO "DISCOVERY" (*ESPECIALLY WHEN THIS PAROLE AGENT EVEN THOUGH HE WORKS AT THE INSTITUTION IS A PART OF THE PENNSYLVANIA BOARD OF PAROLE AND PROBATION).

REPLY BRIEF IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS REPLY BRIEF TO DISMISS COMPLAINT DATED 25 NOVEMBER, 2001, PAGE 1-2 (SEE ALSO "BRIEF IN SUPPORT OF OPPOSITION TO DISMISS, DATED NOVEMBER 4, 2001), "PAROLE AGENT WHO IS PART OF "BOARD" STATED THAT HE SENT A LETTER BACK TO THE "BOARD" HIGHLY RECOMMENDING PLAINTIFF FOR PAROLE TO A CCC CENTER.

PETITIONER'S ACCEPTANCE BY CCC AFTER SCI PAROLE AGENT PROCESSED WHATEVER NECESSARY PAPERWORK WAS NEEDED (THIS IS ONE EXAMPLE OF THE PAROLE PROCESS PETITIONER IS "UNAWARE" OF AS TO WHAT DOCUMENTS ARE "LABELED AS", IN ORDER TO SPECIFICALLY STATE IDENTITY." I.E. DOCUMENTS FROM "PAROLE AGENT" TO "CCC" RETURNED TO "PAROLE AGENT" – "CCC ACCEPTANCE WITH BED DATE ELIGIBILITY IF PAROLED.") AND PETITIONER WAS SUCCESSFULLY" OVER THIS HURDLE," PETITIONER IS DELAYED AND DENIED "CCC PLACEMENT" FOR "FURTHER INFORMATION" (THAT PETITIONER IS UNAWARE OF WHAT FURTHER INFORMATION WAS NEEDED), AND REMAINS INCARCERATED TO THIS DATE.

12 MONTHS PASSED BETWEEN INITIAL REVIEW – DECISION FOR CCC PALCEMENT – PROCESSING OF CCC PLACEMENT – CONTINUED FOR ADDITIONAL INFORMATION – "RE-REVIEW" BY "BOARD". FOLLOWING THIS DECISION – ALL DECISIONS "REDUNDANCY" OF SAME DECISION/DETERMINATION, AN ARBITRARY AND CAPRICIOUS DENIAL OF PAROLE. EVEN THIS VERY "PAROLE PROCESS", UNDERSTANDABLY AN EXPECTANCY PROMULGATED BY "BOARD", IS NOW "SEVERED" AFTER ALL CRITERIA FOR "CCC PLACEMENT" HAS BEEN MET.

(UNLESS PETITIONER TRULY HAD A DIMINISHED CAPACITY) WHICH HE DOES NOT AS HIS PSYCHOLOGICAL EVALUATIONS SHOW, HE IS PRODUCTIVE AND "RECOMMENDED FOR PAROLE" AND RIGHTFULLY KNOWS AND IS DISADVANTAGED BY THIS MALICIOUS USE OF PROCEDURE. HE IS PUNISHED IN AN ARBITRARY AND CAPRICIOUS WAY WHICH IS IN FACT DIAMETRICAL TO WHAT THE DECISION/DETERMINATION "GREENSHEET" DIRECTED. (SEE BRIEF IN SUPPORT OF OPPOSITION) AKINS V. SNOW, 922 F.2D 1558 (11TH CIR. 1991).

THIS "GREENSHEET" DECISION – ALSO HAD THE "FORCE AND EFFECT" OF LAW AND WAS ARBITRARY ABROGATED.

THE PERTINENT INFORMATION TO SHOW WHY PETITIONERS "PAROLE PROCESS" WAS ABROGATED WHICH HAS NOT MANIFESTED ON ANY FOLLOWING "BOARD" DECISIONS, AND WHICH IS CONTRARY TO OTHER PERTINENT "DISCOVERY", PETITIONER SEEKS, WHICH

-6-

"AFFIRMS" HIS "MERIT" FOR A "PAROLE GRANT" CONSISTENT WITH THE "PAROLE PROCESS" HE WAS TO ENJOY.

"PETITIONER AVERS, THAT THE "BEAR MINIMUM" WHICH HE HAS ACCESS TO, "AFORE MENTIONED" "GREENSHEETS", ENTREAT THE "PAROLE PROCESS" WAS ARBITRARY ABROGATED AND CONFIRM THE URGENCY OF "DISCOVERY" PERTAINING TO THE "PAROLE PROCESS."

ALL "DISCOVERY" ASKED FOR, AND "OBJECTED" TO, IN "DEFENDANT'S RESPONSE" IN CATAGORIES #1 AND #2 ARE PERTINENT TO PETITIONER'S CLAIMS, HOWEVER CATEGORY #3 IS THE ESSENCE OF THE FINAL DECISION.

(SEE EXHIBIT C, PAGE 5-3. A-G, "DEFENDANTS RESPONSE")

A. "THE HEARING EVALUATION'S FOR EACH HEARING THAT WAS GIVEN AT S.C.I. ROCKVIEW.

B.    ALL INFORMATION CONCERNING EACH OF THESE HEARING INTERVIEWS TO INCLUDE ALL THE INFORMATION FOR EACH HEARING ON HOW THE DETERMINATION FOR PAROLE DENIAL WAS ACCOMPLISHED.

"RESPONSE" - "DEFENDANTS OBJECT TO PLAINTIFF'S REQUEST FOR DOCUMENTS FROM HIS PAROLE FILE, ESPECIALLY THOSE PERTAINING TO THE MANNER IN WHICH PLAINTIFF WAS EXAMINED AND EVALUATED BY PAROLE STAFF MEMBERS, BECAUSE SUCH DOCUMENTS ARE PROTECTED FROM DISCLOSURE BY THE EXECUTIVE PRIVILEDGE."

PETITIONER AVERS, AGAIN, THIS IS THE VERY ESSENCE OF THE "PAROLE PROCESS."

WITHOUT THE "SAFEGUARD" OF A "TRANSCRIPTED RECORD" PETITIONER IS LEFT ONLY TO "DISCOVER" THESE DOCUMENTS THAT ARE TOTALLY OF THE "DEFENDANTS CREATION."

THESE "HEARINGS" AND "DOCUMENTS" TRANSMITTED AS A RESULT THEREOF, AS WELL AS ALL OTHER PERTINENT INFORMATION CONCERNING THE "PAROLE PROCESS" CONTAINED WITHIN "PETITIONER'S INMATE PAROLE FILE," ARE OF UTMOST IMPORTANCE TO PETITIONERS CLAIMS SET FORTH IN, THIS 1983, CLASS ACTION SUIT (NO. 3:CV-00-1290) "CHALLENGING THE PROCESS EMPLOYED IN THE DECISION MAKING PROCESS AND THE "DEVIATION FROM STATUTE AND LAW."

"DEFENDANTS WOULD SHOW THE HOUSE - BUT EXCLUDE THE BLUEPRINT."

PETITIONER MUST HAVE THESE PERTINENT DOCUMENTS IN ORDER FOR THIS ACTION TO PROCEED. "DEFENDANTS WOULD DENY AND EXCLUDE FROM, EXACTLY WHAT THE VERY NATURE OF THIS CIVIL ACTION IS, "ESPECIALLY THESE PERTAINING TO THE MANNER IN WHICH PLAINTIFF WAS EXAMINED AND EVALUATED BY PAROLE STAFF MEMBERS."

SEE, LOVE V. FITZHARRIS, 311 F. SUPP. 702 (1970) AT 703, ..."WHETHER WROUGHT BY LEGISLATIVE AMENDMENT, JUDICIAL CONSTRUCTION, OR ADMINISTRATIVE REINTERPRETATION, WHICH APPLIED RETROACTIVELY.

SEE, LOVE V. FITZHARRIS, 460 F.2D 382 (9TH CIR. 1972) AT 385, "A NEW ADMINISTRATIVE INTERPRETATION WHICH SUBJECTS THE PRISONER ALREADY SENTENCED TO MORE SEVERE PUNISHMENT HAS THE SAME EFFECT AS A NEW STATUTE LENGTHENING HIS PRESENT TERM."

SEE, U.S. V. PASKOW, 11 F.3D 873 (9TH CIR. 1993)


HAD THE STATES GENERAL ASSEMBLY NOT AMMENDED THE STATUTE, PETITIONER WOULD HAVE BEEN ELIGIBLE FOR PAROLE ON HIS 1990 CONVICTION AS WELL AS CCC PLACEMENT.  AS NEW STATUTE HAS BEEN APPLIED THROUGH "PAROLE PROCESS" AND AS APPLIED TO PETITIONER. STATUTE EXPRESSLY RESCINDED PRE-EXISTING PAROLE ELIGIBILITY, AND RUNS AFOUL OF THE EX POST FACTO CLAUSE.


SEE, FENDER V. THOMPSON, 883 F.2D 303 (4TH CIR. 1989).

SEE, LERNER V. GILL, 751 F.2D 450, 454 (1ST CIR. 1985) ("PAROLE ELIGIBILITY IS PART OF THE "LAW ANNEXED TO THE CRIME" FOR EX POST FACTO PURPOSES.")

SEE, BEEBE V. PHELPS, 650 F.2D 774, 777 (5TH CIR. UNIT A 1981) ("SINCE PAROLE ELIGIBILITY IS CONSIDERED AN INTEGRAL PART OF ANY SENTENCE ... OFFICIAL PAST - SENTENCE [SIC] ACTION THAT DELAYS ELIGIBILITY FOR SUPERVISED RELEASED RUNS AFOUL OF THE EX POST FACTO CLAUSE PROSCRIPTION.")  (QUOTING, SHEPARD V. TAYLOR, 556 F.2D 648, 654 (2D CIR. 1977).

RODRIQUEZ V. U.S. PAROLE COMM'N, 594 F.2D 170 (7TH CIR. 1979).


THE PRINCIPLE UNDERLYING EACH OF THESE DECISIONS IS THAT THE RETROSPECTIVE APPLICATION OF A NEW STATUTE, AMENDED STATUTE, OR ADMINISTRATIVE RULES MODIFYING PRE-EXISTING CRITERIA OR REVOKING PAROLE ELIGIBILITY, SUBSTANTIALLY ALTER THE CONSEQUENCES ATTACHED TO PETITIONERS CRIME ALREADY COMPLETED, AND THEREFORE CHANGES THE QUANTUM OF PUNISHMENT THEREBY VIOLATING THE EX POST FACTO CLAUSE.


IT IS A BASIC CANON OF STATUTORY CONSTRUCTION THAT THE USE OF THE WORD "SHALL", INDICATES MANDATORY INTENT.  SEE, COOK V. U.S., 104 3D 386 (6TH CIR. 1997).  SEE, U.S. V. MEYERS, 106 F.3D 936 (10TH CIR. 1997).

PETITIONER AVERS, 61 P.S. §331.22.1, HAS THE MANDATORY LANGUAGE "SHALL". "SHALL NOT BE DEEMED CONFIDENTIAL" - "SHALL BE RELEASED TO THE PRISONER".

"BOARDS" DISCRETION IS "EXCLUDED" BY THE MANDATORY LANGUAGE OF STATUTE.

IN ORDER TO SHOW THE HISTORY OF THE DEVIATION FROM STATUTE AND LAW DEFINED IN PENN. PAROLE ACT AND PROCESS, PETITIONER MUST BE ALLOWED ACCESS TO "DISCOVERY" OF DOCUMENTS SPECIFIED.

PETITIONER AVERS, ALL DOCUMENTS IN "DEFENDANTS RESPONSE" #2, A-D, #3, A-G, WERE GENERATED BY "BOARD", AN ADMINISTRATIVE AGENCY.

ALL DOCUMENTS CONSTITUTE AN ESSENTIAL COMPONENT OF THE AGENCYS DECISION.

ALL DECISIONS WERE CONTINGENT ON THE INFORMATION CONTAINED IN THESE DOCUMENTS AND COULD NOT HAVE BEEN MADE WITH OUT THEM.

ALL DOCUMENTS ARE NECESSARY FOR FURTHER ACTION OF INTERROGATORIES AND ADMISSIONS.

PETITIONER AVERS, ALL "OBJECTIONS" DEFENDANTS RAISE," ESPECIALLY THOSE PERTAINING TO THE MANNER IN WHICH PLAINTIFF WAS EXAMINED AND EVALUATED BY PAROLE STAFF MEMBERS," SHOULD BE DENIED.

PETITIONER'S DISCOVERY - MOTION FOR PRODUCTION OF DISCOVERY DOCUMENTS PLAINTIFF'S CONTINUED REQUEST FOR DEFENDANTS TO PRODUCE DISCOVERY DOCUMENTS SHOULD BE GRANTED BY THIS COURT.


THIS HONORABLE COURT HAS JURISDICTION TO ENJOIN PA. BOARD OF PROBATION AND PAROLE, AN ADMINISTRATIVE AGENCY, FROM WITHHOLDING RECORDS AND TO ORDER THE PRODUCTION OF THE "AGENCY'S" RECORDS WHICH ARE IMPROPERLY WITHHELD FROM THE PETITIONER.

-- OR IN THE ALTERNATIVE THIS HONORABLE COURT IS EMPOWERED TO INVOKE ITS JURISDICTION FOR THE PRODUCTION OF COMPLETE "RECORDS" AND IN SUCH CASE THE COURT SHALL DETERMINE THE MATTER DE NOVO, AND MAY EXAMINE THE CONTENTS OF SUCH "AGENCY" RECORDS IN CAMERA TO DETERMINE WHETHER SUCH RECORDS OR ANY PART SHALL BE WITHHELD FROM PETITIONER.

WHEREFORE PETITIONER PRAYS FOR THE AFOREMENTIONED REASONS THIS HONORABLE COURT GRANTS PETITIONER'S MOTION TO COMPEL DISCOVERY, AND ORDER THE DEFENDANTS TO PRODUCE THE COMPLETE DISCOVERY DOCUMENTS REQUESTED TO PETITIONER OR THIS HONORABLE COURT WITHIN 30 DAYS OF ORDER.

DATE: 6 May 2002

RESPECTFULLY SUBMITTED:

James Lee Wagner

JAMES LEE WAGNER, PRO SE
BOX A,    BK-5396
BELLEFONTE, PA. 16823

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER       :

   PLAINTIFF       :  NO. 3:CV-00-1290

              :  (JUDGE YVETTE KANE)

   VS.         :

              :

WILLIAM F. WARD, ET AL     :

   DEFENDANTS      :

## MOTION FOR PRODUCTION OF DISCOVERY DOCUMENTS

PURSUANT TO RULE 34, FED.R.CIV.P., THE PLAINTIFF REQUESTS THAT THE DEFENDANT'S AND THE STATE CORRECTIONAL INSTITUTION AT ROCKVIEW PRODUCE FROM THEIR RECORDS, THE DOCUMENTS LISTED HEREIN WITHIN 30 DAYS, BY PROVIDING THE PLAINTIFF AND THE COURT WITH COPIES TO USE AS EVIDENCE OF HIS PAROLE HISTORY AS DOCUMENTED BY THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE AND S.C.I. ROCKVIEW. TO BE USED FOR DISCOVERY FOR THE JUDICIAL PROCESS SO THAT PLAINTIFF'S 1983 PETITION MAY BE PERFECTED AS LAW AND JUSTICE MAY REQUIRE FOR THIS COURT:

1. ALL PERTINENT INFORMATION CONCERNING THE PAROLE PROCESS FROM S.C.I. ROCKVIEW, THAT IS WITHIN HIS INMATE RECORD FILE, I.E.

 A. ALL EVALUATIONS/DETERMINATIONS CONCERNING THE PAROLE PROCESS.

 B. ALL COPIES OF HIS PRESCRIPTIVE PROGRAM PLANS.

 C. ALL WORK AND HOUSING REPORTS.

 D. ALL INSTITUTIONAL PAROLE STAFFINGS AND RECOMMENDATIONS OF THESE STAFFINGS.

 E. ALL STAFFINGS THAT HAD TO DO WITH PLAINTIFF'S REHABILITATION. (ONE ON ONE THERAPY, PROGRAM THERAPY, COUNSELING WITH ETC.

 F. ALL PSYCHOLOGIST EVALUATIONS USED FOR PAROLE PURPOSE.

AND INCLUDE ALL OTHER PORTIONS OF PLAINTIFF'S RECORD WHICH HE IS NOT AWARE OF THAT S.C.I. ROCKVIEW HAS THAT CONCERN THE SAME AND ANY THIRD PARTY INFORMATION WHICH IS IN THE HANDS OF S.C.I. ROCKVIEW.

2. ALL PERTINENT INFORMATION CONCERNING THE PAROLE PROCESS FROM THE PLAINTIFF'S FILE FROM THE PENNSYLVANIA'S BOARD OF PROBATION AND PAROLE ,

-1-

PAROLE AGENT AT S.C.I. ROCKVIEW, THAT IS WITHIN HIS INMATE **PAROLE FILE AT** S.C.I. ROCKVIEW, (PLAINTIFF'S COMPLETE CERTIFIED RECORD) TO **INCLUDE BUT NOT** LIMITED TO: I.E.:

    A.   RECORD EVALUATION OF PLAINTIFF'S RISK LEVEL IS AT **TIME OF PAROLE** EVALUATION.

    B.   PAROLE AGENT'S RECOMMENDATIONS FOR THE PAROLE HEARING.

    C.   PAROLE AGENT'S RECOMMENDATION FOR CCC.

    D.   ALL EVALUATIONS BY PAROLE AGENT NOT LISTED ABOVE.

AND INCLUDE ALL OTHER PORTIONS OF PLAINTIFF'S RECORD WHICH **HE IS NOT** AWARE OF THAT S.C.I. ROCKVIEW HAS THAT CONCERN THE SAME AND **ANY THIRD PARTY** INFORMATION WHICH IS IN THE HANDS OF S.C.I. ROCKVIEW'S PAROLE **AGENT, WHICH** PERTAINS TO PAROLE AND CRITERIA NEEDED TO BE PAROLED.


    3.   ALL PERTINENT INFORMATION CONCERNING THE PAROLE PROCESS FROM **THE** PLAINTIFF'S FILE THAT THE PENNSYLVANIA'S BOARD OF PROBATION AND **PAROLE HAS** THAT IS WITHIN HIS INMATE PAROLE FILE, (PLAINTIFF'S COMPLETE **CERTIFIED RECORD)** TO INCLUDE BUT NOT LIMITED TO: I.E.

    A.   THE HEARING EVALUATION'S FOR EACH HEARING THAT WAS GIVEN AT S.C.I. ROCKVIEW.

    B.   ALL INFORMATION CONCERNING EACH OF THESE HEARING **INTERVIEWS TO** INCLUDE ALL THE INFORMATION FOR EACH HEARING ON **HOW THE** DETERMINATION FOR PAROLE DENIAL WAS ACCOMPLISHED.

    C.   ALL INFORMATION ON THE VOTING PROCESS AT HARRISBURG, **TO INCLUDE** WHO VOTED, HOW MANY REVIEWER'S SIGNATURE'S WERE **NEEDED TO VOTE**

PER EACH           REVIEW.

    D.   FOR EACH REVIEW THE CRITERIA USED TO DENY PLAINTIFF PAROLE.

    E.   ALL OUTSIDE INFLUENCES THAT WERE USED TO DENY **PLAINTIFF PAROLE,** I.E. (3RD PARTY REPRESENTATION)

    F.   ALL EVALUATIONS/DETERMINATIONS CONCERNING PLAINTIFF'S **PAROLE.**

    G.

AND INCLUDE ALL OTHER PORTIONS OF PLAINTIFF'S RECORD WHICH **HE IS NOT** AWARE OF THAT THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS **THAT CONCERN** THE SAME AND ANY THIRD PARTY INFORMATION WHICH IS IN THE **HANDS OF THE** PENNSYLVANIA'S BOARD OF PROBATION AND PAROLE, WHICH PERTAINS **TO PAROLE AND** CRITERIA NEEDED TO BE PAROLED.


DATE: _27 Jan 2002_

                                    SINCERELY SUBMITTED;

                                    JAMES LEE WAGNER
                                    PLAINTIFF, PRO SE

EXHIBIT B



COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**

**February 28, 2002**

MIKE FISHER
ATTORNEY GENERAL

**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 705-8572**
**Fax: (717) 772-4526**

**James Wagner, BK-5396**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

Re:   **Wagner v. Ward, et al.**
      **No. 3:00-CV-1920 (M.D. Pa.)**

**Dear Mr. Wagner:**

Please find enclosed defendants' responses to your document requests.  **Please note that** you may send document requests, interrogatories, or requests for admissions **directly to me** without filing a motion with the Court.  The Court typically does not get involved **until we have a** dispute over a discovery issue and have not been able to resolve the matter through correspondence.

**Very truly yours,**

*Patrick S Cawley*

**PATRICK S. CAWLEY**
**Deputy Attorney General**

**PSC/s**

**Enclosure**

EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,                          :
                                           :
                    **Plaintiff,**         :
                                           :
    v.                                     :
                                           :
WILLIAM F. WARD, et al.,                   :
                                           :    No. 3:CV-00-1290
                    **Defendants.:**            (Judge Yvette Kane)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR THE PRODUCTION OF DOCUMENTS

1.    All pertinent information concerning the parole process from S.C.I.

Rockview, that is within his inmate record file, I.E.

- A.    All Evaluations/Determinations concerning the parole process.
- B.    All copies of his prescriptive program plans.
- C.    All work and housing reports.
- D.    All institutional parole staffings and recommendations of these staffings.
- E.    All staffings that had to do with plaintiff's rehabilitation. (One on one therapy, program therapy, counseling with etc.
- F.    All psychologist evaluations used for parole purpose.

And include all other portions of plaintiff's record which he is not aware of
that S.C.I. Rockview has that concern the same and any third party
information which is in the hands of S.C.I. Rockview.

**RESPONSE:**    Defendants object to plaintiff's request for

"Evaluations/Determinations," because such a request is vague and there is no clear

meaning to those words.  To the extent that plaintiff seeks copies of the decisions

rendered by the Board of Probation and Parole, plaintiff was given a copy of each

Board decision, or "green sheet," after each decision was rendered. Counsel for defendants will nonetheless provide copies of the green sheets upon notification by letter from plaintiff that those decisions are sought in this document request. Defendants object to plaintiff's request for institutional parole "staffings" and "staffings" with regard to plaintiff's rehabilitation, because these requests are vague and there is no clear meaning to the language.

Defendants object to plaintiff's general request for all pertinent information, a request that calls for the complete inmate file, correctional counselor's notes, input from the victim of plaintiff's crime, and many other sources. Defendants also object to plaintiff's request for psychological records. Both the general request and the specific request for psychological records call for documents that are protected from disclosure by the executive privilege. Plaintiff's requests call for records provided by numerous corrections treatment personnel, including counselors and psychologists. These documents enable the appropriate officials to record their impressions, evaluations, and recommendations with respect to the plaintiff's program and case management. The value of these entries lies in the candid nature of the responses. If these files were readily available to inmates or the public, corrections staff would tend to refrain from entering their honest opinions and evaluations. Consequently, those making decisions regarding the plaintiff would not have the benefit of candid observations from staff in the field.

Additionally, if a prisoner knows how he will be evaluated by staff and how particular responses are likely to be interpreted, he will be capable of manipulating the resulting diagnosis. As a result, the inmate's situation will not be assessed accurately, and a valid course of rehabilitative treatment cannot be prescribed. Preservation of the confidential nature of treatment-related information is critical to ensure the cooperation of all inmates involved in any course of treatment.

These inaccuracies can also result in completely improper institutional placement, and the inmate or others may be exposed to danger. The inaccuracies could also result in premature release from custody on parole, thereby exposing the community at large to danger. The cumulative effect of disclosing these documents would be that necessary documentation would not occur, and the inmate file would fail to be an effective and candid record of the inmate's adjustment and the risk posed by the inmate to the institution and the public. If inmate files were routinely made available to inmates, it would be detrimental to the treatment and safety of the inmates, the safety of the staff, the security and order of the institution, and would significantly increase the difficulty of prison administration and inmate treatment. Accordingly, the defendants must object to the disclosure of the documents sought by plaintiff from his inmate file, because such a disclosure would compromise the security and penological mission of the institution.

Defendants object to plaintiff's request for documents about which plaintiff is

not aware. Defendants have no way of knowing the documents about which

plaintiff is aware or unaware.

Defendants do not object to the production of prescriptive program plans or

work and housing reports. Copies of those documents have been attached.

2.    All pertinent information concerning the parole process from the

plaintiff's file from the Pennsylvania's Board of Probation and Parole, parole agent

at S.C.I. Rockview, that is within his inmate parole file at S.C.I. Rockview,

(Plaintiff's complete certified record) to include but not limited to: I.E.:

A.    Record evaluation of plaintiff's risk level is at time of parole
       evaluation.
B.    Parole agent's recommendations for the parole hearing.
C.    Parole agent's recommendation for CCC.
D.    All evaluations by parole agent not listed above.
And include all other portions of plaintiff's record which he is not aware of
that S.C.I. Rockview has that concern the same and any third party
information which is in the hands of S.C.I. Rockview's parole agent, which
pertains to parole and criteria needed to be paroled.

**RESPONSE:**    Defendants object to plaintiff's requests for all pertinent

information and for the recommendations and evaluations of parole agents, because

such documents are protected from disclosure by the executive privilege. The

rationale for defendants' objection is explained in response to the previous

document request. Defendants object to plaintiff's request for "portions of

plaintiff's record which he is not aware of," because defendants have no way of

knowing the portions of plaintiff's record about which plaintiff is aware or unaware.

3.    All pertinent information concerning the parole process from the plaintiff's file that the Pennsylvania's Board of Probation and Parole has that is within his inmate parole file, (Plaintiff's complete certified record) to include but not limited to: I.E.

    A.    The hearing evaluation's for each hearing that was given at S.C.I. Rockview.

    B.    All information concerning each of these hearing interviews to include all the information for each hearing on how the determination for parole denial was accomplished.

    C.    All information on the voting process at Harrisburg, to include who voted, how many reviewer's signature's were needed to vote per each review.

    D.    For each review the criteria used to deny plaintiff parole.

    E.    All outside influences that were used to deny plaintiff parole, I.E. (3rd party representation)

    F.    All evaluations/determinations concerning plaintiff's parole.

    G.

And include all other portions of Plaintiff's record which he is not aware of that the Pennsylvania Board of Probation and Parole has that concern that same and any third party information which is in the hands of Pennsylvania's Board of Probation and Parole, which pertains to parole and criteria needed to be paroled.

**RESPONSE:**    Defendants object to plaintiff's request for documents from his parole file, especially those pertaining to the manner in which plaintiff was examined and evaluated by parole staff members, because such documents are protected from disclosure by the executive privilege. The rationale for defendants' objection was provided in response to the first document request. Defendants object to plaintiff's request for portions of his record about which he is not aware,

because defendants have no way of knowing the portions of which plaintiff is aware

or unaware.

Responses and objections provided
on behalf of defendants by their
counsel:

D. MICHAEL FISHER
Attorney General

By:    *Patrick S. Cawley*
PATRICK S. CAWLEY
Deputy Attorney General

Office of Attorney General          SUSAN J. FORNEY
15th Fl., Strawberry Square         Chief Deputy Attorney General
Litigation Section                  Chief, Litigation Section
Harrisburg, PA 17120
(717) 705-8572

Date: February 28, 2002

EXHIBIT D

JAMES LEE WAGNER

BOX A   BK-5396

BELLFONTE, PA. 16823-0820


COMMONWEALTH OF PENNSYLVANIA

OFFICE OF THE ATTORNEY GENERAL

ATTN: DEPUTY ATTORNEY GENERAL (PATRICK S. CAWLEY)

LITIGATION SECTION

15TH FLOOR, STRAWBERRY SQUARE

HARRISBURG, PA. 17120


RE:  WAGNER V. WARD, ET AL., NO. 3:00-CV-1920 (M.D.PA)


DEAR MR. CAWLEY:


    ENCLOSED IS MY CONTINUE REQUEST FOR DOCUMENTS FROM S.C.I. ROCKVIEW, S.C.I. ROCKVIEW PAROLE AGENT, AND FROM THE PA. BOARD OF PROBATION AND PAROLE.

    AS STATED IN THIS REQUEST I FEEL THAT IF I HAD A LAWYER HE WOULD BE PROVIDED WITH ALL THESE DOCUMENTS.  AS A PRO SE PLAINTIFF I FEEL I SHOULD BE ABLE TO GET THESE DOCUMENTS ALSO.

    I AM WILLING TO WORK THIS OUT AND REQUEST YOUR OFFICE HELP ME IN RECEIVING THESE DOCUMENTS.

    IN REGARDS TO COPY OF GREENSHEETS, THESE ARE NOT NEEDED.


DATE: MARCH 17, 2002

                                    SINCERELY SUBMITTED;

                                    _James Lee Wagner_

                                    JAMES LEE WAGNER, PRO SE
                                                  PLAINTIFF

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER                   :

        PLAINTIFF             :     NO. 3:CV-00-1290

      V.                     :

                          :

WILLIAM F. WARD, ET AL      :

        DEFENDANTS         :

PLAINTIFF'S CONTINUED REQUEST FOR DEFENDANT'S

TO PRODUCE DISCOVERY DOCUMENTS

PLAINTIFF RECEIVED DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS ON MARCH 8, 2002.

PLAINTIFF, BEING PRO SE, IS QUESTIONING THE FOLLOWING THAT THE DEFENDANT'S RESPONDED TO:

1. DOCUMENTS REQUESTED FROM S.C.I. ROCKVIEW, THAT IS WITHIN HIS INMATE FILE:

(A) DEFENDANT'S OBJECTED TO PLAINTIFF'S REQUEST FOR EVALUATIONS/DETERMINATIONS," BECAUSE SUCH A REQUEST IS VAGUE AND THEIR IS NO CLEAR MEANING TO THOSE WORDS.

(B) PLAINTIFF FEELS THIS IS SELF EXPLANATORY BECAUSE HE IS REQUESTING EVERYTHING THAT S.C.I. ROCKVIEW STAFF DID IN ALL HIS PAROLE STAFFINGS SINCE 1997. THESE DETERMINATIONS/EVALUATIONS ARE PERTINENT AS EVIDENCE IN PLAINTIFF'S CASE.

(C) DEFENDANT'S COMPLIED WITH B AND C OF PLAINTIFFS REQUEST FOR DOCUMENTS.

(D) DEFENDANT'S OBJECTED TO REQUEST FOR ALL PERTINENT INFORMATION THAT CALLS FOR A COMPLETE INMATE FILE FROM CORRECTIONAL COUNSELOR'S NOTES, INPUT FROM THE VICTIM OF PLAINTIFF'S CRIME, PSYCHOLOGICAL RECORDS.

(E) PLAINTIFF IS AWARE OF MOST OF WHAT IS IN HIS INMATE RECORD PER CONVERSATIONS FROM COUNSELOR'S AND THERAPIST. THAT IS WHY THIS INFORMATION IS REQUESTED BECAUSE IT IS VERY PERTINENT IN SHOWING FACTS IN REGARDS TO PLAINTIFF'S CASE.

(F) IN REGARDS TO S.C.I. ROCKVIEW'S PAROLE AGENT, PLAINTIFF IS ALSO AWARE OF WHAT IS IN HIS PAROLE PACKET AT ROCKVIEW AND AGAIN THIS

INFORMATION IS EVIDENCE AND WILL SUPPORT PLAINTIFF'S CASE AS FACTS.

2.   DEFENDANT'S USE EXECUTIVE PRIVILEGE AS REASON THAT DOCUMENTS CAN NOT BE PRODUCED BY DEFENDANTS FOR PERTINENT INFORMATION REQUESTED FROM INMATE FILE AT S.C.I. ROCKVIEW, INMATE PAROLE FILE AT S.C.I. ROCKVIEW, AND PAROLE DOCUMENTS REQUESTED FROM THE PA. BOARD OF PROBATION AND PAROLE. IF PLAINTIFF HAD A LAWYER THESE FILES WOULD BE AVAILABLE FOR HIS REVIEW AND WOULD BE PROVIDED FOR PLAINTIFF. SINCE PLAINTIFF IS PRO SE, HE STILL SHOULD BE ABLE TO HAVE ACCESS TO THESE DOCUMENTS TO BE ABLE TO SHOW CAUSE AND FACTS THAT WILL HELP PROVE HIS ALLEGATIONS IN HIS SUIT AGAINST THE PAROLE BOARD.

PLAINTIFF REQUEST THAT DEFENDANT'S REEVALUATE HIS REQUEST FOR DOCUMENTS AND FORWARD ALL DOCUMENTS THAT HE HAS REQUESTED WITHIN 30 DAYS FROM RECEIPT OF THIS REQUEST.

DATE: 17 MARCH, 2002

SINCERELY SUBMITTED:

JAMES LEE WAGNER, PRO SE

BOX A     BK-5396

BELLEFONTE, PA. 16823-0820

-2-

EXHIBIT F



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

**March 19, 2002**

MIKE FISHER
ATTORNEY GENERAL

**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**Phone: (717) 705-8572**
**Fax: (717) 772-4526**

**James Wagner, BK-5396**
**SCI-Rockview**
**Box A**
**Bellefonte, PA  16823-0820**

Re:    **Wagner v. Ward, et al.**
          **No. 3:00-CV-1920 (M.D. Pa.)**

Dear Mr. Wagner:

      I am writing in response to your letter and request dated March 17, 2002.  As I explained in the defendants' responses to your requests for documents, your document requests called for a range of documents that contain the candid comments of correctional and treatment staff with regard to your institutional adjustment and overall readiness for parole.  These documents are valuable to the Parole Board mainly because the staff members make the notes candidly, and if we were to share these comments with inmates, the results of treatment interviews could be manipulated to the detriment of each institution and the public.  Accordingly, I asserted executive privilege, and these documents may not be produced.

      I assure you that I assert this privilege even when inmates are represented by attorneys, and I have not responded to your request any differently because you are representing yourself.  I understand your sense of frustration, but my decision not to produce those documents is based on very serious and legitimate security concerns.

                                                    Very truly yours,

                                                    *Patrick S Cawley*

                                                    **PATRICK S. CAWLEY**
                                                    **Deputy Attorney General**

PSC/s

EXHIBIT G

DC-43
·PRESCRIPTIVE PROGRAM PLAN

**COMMONWEALTH OF PENNSYLVANIA**
Department of Corrections

| DC NUMBER | NAME | INSTITUTION | DATE INITIATED |
|---|---|---|---|
| 3K5396 | JAMES WAGNER | Rac | 1-A9 |

AREAS OF CONCERN
( ) Mental Health    ( ) Physical    (X) Assaultiveness
( ) Vocational    ( ) Drug    (X) Sexual
( ) Academic    ( ) Alcohol    ( ) Escape
( ) Other

**RECOMMENDED ACTIONS**
(The following is a list of suggested programs and/or kinds of behavior which may help you with the weakness and/or problem areas):

Continue with you EXcellent Adjustment

Continue with Relapse Prevention Therapy (SOP)

Maintain Employment and R program code

Prepare For parole Release

_____
Signature of Staff Member

_____
Signature of Inmate

Tentative Progress Review (date) _1/03_____

**RESULTS ACHIEVED** or reasons for lack of results

_____
Signature of Staff Member

_____
Date Reviewed

_____
Signature of Inmate

The two lists are not all inclusive and may change over time. Additional weaknesses and/or problem areas may be uncovered. Weaknesses and/or problem areas may be overcome or reduced in importance. Programs may be completed or additional programs may be indicated. These lists can and should be reviewed periodically to account for any progress or lack of progress. You should request a review through your Counselor to discuss any changes and to keep your prescriptive program current.
While all participation in all programs is strictly voluntary, progress or lack of progress in dealing with weaknesses and/or problem areas will be one of the factors taken into consideration for all actions requiring staff support such as recommendations for program level changes, job changes, pre-release, commmutation, and parole.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER                     :

               PLAINTIFF           :        NO. 3:CV-00-1290

     V.                              :        (JUDGE YVETTE KANE)

                                   :

WILLIAM F. WARD, ET AL.              :

               DEFENDANTS           :

## VERIFICATION AND PROOF OF SERVICE

I, JAMES LEE WAGNER, HEREBY VERIFY UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THIS MOTION IS TRUE AND CORRECT UPON HIS BELIEF AND INFORMATION.

    I, JAMES LEE WAGNER, HEREBY CERTIFY THAT I PLACED IN THE MAILBOX AT SCI-ROCKVIEW, AN ORIGINAL AND TWO COPIES FOR FILING TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, HARRISBURG DIVISION, U.S. DISTRICT COURT, 228 WALNUT STREET, P.O. BOX 983, HARRISBURG, PA. 17108, FOR FILING VIA REGULAR MAIL.

    UNDER SEPARATE COVER ONE TRUE AND CORRECT COPY WAS SENT TO THE DEFENDANT'S ATTORNEY, PATRICK S. CAWLEY, DEPUTY ATTORNEY GENERAL, 15TH FLOOR, STRAWBERRY SQUARE, HARRISBURG, PA. 17120.

DATE: _6. May 2002_

                                           _James Lee Wagner_

                                         JAMES LEE WAGNER

                                         BOX A, BK-5396

                                         BELLEFONTE, PA. 16823