IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,                :
                                 :
                    Plaintiff,   :
                                 :
v.                               :
                                 :
WILLIAM F. WARD, et al.,         :
                                 :   No. 1:CV-00-1290
                    Defendants.: (Judge Yvette Kane)

FILED
HARRISBURG, PA
MAY 21 2002
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

## MOTION FOR ENLARGEMENT OF TIME

Defendants, through their attorneys and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, request this Court to grant an enlargement of time in which to file a brief in opposition to plaintiff's motion to compel discovery. In support of this motion, defendants aver as follows.

1. Plaintiff, state prisoner James Wagner, filed this civil action against members of the Pennsylvania Board of Probation and Parole alleging that the Parole Board relied on impermissible factors when rendering parole decisions with regard to plaintiff.

2. Defendants filed a motion to dismiss the complaint on September 25, 2001 and a supporting brief on October 5, 2001. Plaintiff filed a brief in opposition to defendants' motion on November 6, 2001, and defendants filed a reply brief on November 16, 2001.

3. While defendants' motion to dismiss the complaint has been pending, plaintiff submitted a request for the production of documents. Although defendants produced some documents, defendants objected to the production of other documents from plaintiff's Department of Corrections file and Parole Board file, because the documents are protected by executive privilege.

4. Defendants received on May 8, 2002 plaintiff's motion to compel the discovery of the documents not produced, as well as a supporting brief. Defendants intend to file a brief in opposition to plaintiff's motion to compel, and defendants' brief is due on May 23, 2002.

5. In order to file a brief in opposition to plaintiff's motion, defendants must produce a declaration from the Secretary of the Pennsylvania Department of Corrections and the Chairman of the Pennsylvania Board of Probation and Parole that explains why these documents must necessarily be protected by the executive privilege.

6. The Pennsylvania Board of Probation and Parole recently convened to consider plaintiff for parole. Such a decision requires the input of the Victim Advocate and the Sex Offender Assessment Board. Because the Parole Board has been working with plaintiff's file, defendants' counsel has been unable to gather the necessary documents from plaintiff's file and present them to the Chairman for

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,

             Plaintiff,

v.

WILLIAM F. WARD, et al.,

             Defendants.

No. 3:CV-00-1290
(Judge Yvette Kane)

## CERTIFICATE OF SERVICE

I, Patrick S. Cawley, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on May 21, 2002, I served a true and correct copy of the foregoing **Motion for Enlargement of Time** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

James Wagner, BK-5396
SCI-Rockview
Box A
Bellefonte, PA 16823

_____
**PATRICK S. CAWLEY**
**Deputy Attorney General**