
Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,          :
                           :
            Plaintiff,     :
                           :                    FILED
                           :               HARRISBURG, PA
       v.                  :
                           :               JUN 07 2002
WILLIAM F. WARD, et al.,   :               MARY E. D'ANDREA, CLERK
                           :  No. 1:CV-00-1290  Per _____
            Defendants.:      (Judge Yvette Kane)   Deputy Clerk

**BRIEF IN OPPOSITION TO MOTION OF
PLAINTIFF TO COMPEL DISCOVERY**

**STATEMENT OF THE CASE**

Plaintiff, a state prisoner, filed this civil action against the members of the Pennsylvania Board of Probation and Parole ("Parole Board") on July 24, 2001. Plaintiff asserts that he has been denied parole on three occasions and that the denial of parole violates his right to due process and equal protection of law. Plaintiff contends that statutory language requires the Parole Board to consider recommendations from the Department of Corrections, and the Parole Board's refusal of parole despite a positive recommendation from the Department of Corrections reflects an arbitrary decision based on impermissible reasons. Plaintiff additionally suggests that his guilty plea agreement established a contract between him and the Commonwealth of Pennsylvania which calls for his release after the expiration of his minimum sentence, and the Board's refusal of parole

breaches that contract. Defendants filed a motion to dismiss the complaint on September 25, 2001 and a supporting brief on October 5, 2001. Plaintiff filed a brief in opposition to defendants' motion on November 6, 2001, and defendants filed a reply brief on November 16, 2001.

While defendants' motion to dismiss the complaint has been pending, plaintiff submitted a request for the production of documents. Although defendants produced prescriptive program plans, work reports, and housing reports, defendants objected to the production of confidential Department of Corrections staff reports dealing with psychological assessments of plaintiff and reports from those treating him in the sex offender therapy program and other rehabilitative programs. Defendants also objected to the production of plaintiff's parole file, including the detailed notes by Parole Board members or agents and the rationale for their decisions. Defendants objected to the vagueness of these document requests as they were presented, but defendants also objected that these documents are protected by executive privilege, because the disclosure of such candid insights from staff members would greatly compromise security and hinder safe parole decisions.

Plaintiff filed a motion on May 7, 2002 to compel the production of these documents. Defendants submit this brief in opposition to plaintiff's motion to

compel discovery.

## ARGUMENT

### EXECUTIVE PRIVILEGE PROTECTS THE CANDID INPUT FROM CORRECTIONS AND PAROLE STAFF FROM DISCLOSURE DURING DISCOVERY.

Documents sought by plaintiff contain the candid input of staff members from the Department of Corrections and the Board of Probation and Parole who must assess many aspects of plaintiff's rehabilitation and overall readiness for parole. Because the accuracy of this evaluation would be detrimentally affected by the disclosure of such staff input, the executive privilege protects the documents from production during discovery. Plaintiff's motion to compel their discovery should be denied.

Executive privilege shields certain documents from public disclosure when such disclosure would be contrary to the public interest. See, e.g., Frankenhauser v. Rizzo, 59 F.R.D. 339, 342 (E.D. Pa. 1973). Explaining the proper procedure for the invocation of executive privilege, the Third Circuit Court of Appeals has declared that "[t]he head of the agency claiming the privilege must personally review the material, there must be a specific designation and description of the documents claimed to be privileged, and there must be precise and certain reasons for preserving the confidentiality of communication." United States v. O'Neill,

619 F.2d 222, 226 (3d Cir. 1980). In this action, the Secretary of the Pennsylvania Department of Corrections and the Chairman of the Pennsylvania Board of Probation and Parole have reviewed the documents prepared by their staff and sought by the plaintiff, and they have signed declarations that detail their reasons for asserting executive privilege as to specific documents. See attached Declarations of Jeffrey A. Beard and William F. Ward.

Both agency heads cited serious security lapses that could result from the disclosure of candid input from treatment staff and others who make decisions that affect the placement or release of prisoners. The chief concern of the agencies is that prisoners with access to such documents could manipulate assessments of them, thereby exposing other inmates or the public to danger when the inaccurate assessments cause the prisoner to be improperly placed within the prison system or released on parole. Declarations, ¶7. Those staff members conducting the assessments of prisoners will ultimately refrain from sharing their helpful insights if they believe that prisoners will have access to the written remarks. Declarations, ¶8. Disclosure of documents from those sharing insights and rationale into important decisions with regard to the plaintiff's treatment or release on parole, therefore, would be extremely detrimental to the public interest.

Protection of these documents from disclosure will not unfairly prejudice

the plaintiff, and his interest in obtaining them does not outweigh the security concerns expressed by the Department of Corrections and the Board of Probation and Parole. Plaintiff asserts in this civil action that positive endorsements from the Department of Corrections to the Board of Probation and Parole should have resulted in his release from prison on parole. He claims that the denials of parole were based upon impermissible factors, but the complaint does not specify the manner in which the parole decisions violated his constitutional rights. Thus, plaintiff wishes to inspect the documents to learn of the rationale behind decisions affecting him, but he cannot claim with any certainty that the defendants relied upon constitutionally impermissible factors that would provide a compelling reason for plaintiff to obtain and review the documents.

Although input from the Department of Corrections is only one factor considered by the Board of Probation and Parole, plaintiff offers the pure speculation that a parole denial following an endorsement from correctional officials must have been unconstitutional. The Board of Probation and Parole may render parole decisions on a range of factors, including plaintiff's demeanor during parole interviews, input from the District Attorney and sentencing judge who presided over plaintiff's criminal conviction, plaintiff's completion of treatment programming for sex offenders, and plaintiff's conduct record while

incarcerated. Plaintiff asserts no reason to believe that the Board of Probation and Parole relied on improper factors, and he fails to provide a reason for even an <u>in camera</u> review of the documents created by treatment staff and others making important decisions. His interest in reviewing the candid notes of those assessing him simply does not outweigh the security interest in protecting the records from disclosure.

Accordingly, records from treatment staff, the recorded rationale of those making parole decisions, and other similar records that could lead to the manipulation by plaintiff of important decision-making processes should be protected from disclosure by executive privilege.

### CONCLUSION

For each of the foregoing reasons, plaintiff's motion to compel discovery should be denied.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: *Patrick S. Cawley*
**PATRICK S. CAWLEY**
**Deputy Attorney General**
**Attorney I.D. 85575**

Office of Attorney General  
15th Fl., Strawberry Square  
Litigation Section  
Harrisburg, PA  17120  
(717) 705-8572  

Date: June 7, 2002

SUSAN J. FORNEY  
Chief Deputy Attorney General  
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER, :
:
Plaintiff, :
:
v. :
:
WILLIAM F. WARD, et al., :
: No. 3:CV-00-1290
Defendants.: (Judge Yvette Kane)

## DECLARATION OF JEFFREY A. BEARD

I, **JEFFREY A. BEARD**, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following facts are true and correct based upon my personal knowledge:

1. I am the Secretary of the Pennsylvania Department of Corrections.

2. I have reviewed the documents requested in this case by the plaintiff, James Wagner, who is an inmate in the custody of the Department of Corrections.

3. The documents sought by plaintiff from the Department of Corrections include Vote Sheets that contain the signatures and recommendations of staff members with regard to institutional endorsement of plaintiff for parole. Plaintiff also seeks the recorded insights of psychologists and treatment staff in the sex offender program, summaries of which were provided when institutional parole decisions were made. All of these documents, and other documents in

plaintiff's inmate file, are relied upon by Parole Board members in rendering parole decisions.

4. Plaintiff's request calls for records provided by numerous corrections treatment personnel. These documents enable the appropriate officials to record their impressions, evaluations, and recommendations with respect to the plaintiff's program and case management.

5. The value of these entries lies in the candid nature of the responses. If these files were readily available to inmates or the public, corrections staff would tend to refrain from entering their honest opinions and evaluations. Consequently, those making decisions regarding the plaintiff would not have the benefit of candid observations from staff in the field.

6. Additionally, if a prisoner knows how he will be evaluated by staff and how particular responses are likely to be interpreted, he will be capable of manipulating the resulting diagnosis. As a result, the inmate's situation will not be assessed accurately, and a valid course of rehabilitative treatment cannot be prescribed. Preservation of the confidential nature of treatment-related information is critical to ensure the cooperation of all inmates involved in any course of treatment.

7. These inaccuracies can also result in completely improper institutional placement, and the inmate or others may be exposed to danger. The

inaccuracies could also result in premature release from custody on parole, thereby exposing the community at large to danger.

8. The cumulative effect of disclosing these documents would be that necessary documentation would not occur, and the inmate file would fail to be an effective and candid record of the inmate's adjustment and the risk posed by the inmate to the institution and the public. If inmate files were routinely made available to inmates, it would be detrimental to the treatment and safety of the inmates, the safety of the staff, the security and order of the institution, and would significantly increase the difficulty of prison administration and inmate treatment.

9. Accordingly, the Department of Corrections must object to the disclosure of the documents sought by plaintiff from his inmate file, because such a disclosure would compromise the security and penological mission of the institution.

_____         _____6/3/02_____
JEFFREY A. BEARD                                DATE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER,                       :
                                        :
                               Plaintiff,   :
                                        :
v.                                      :
                                        :
WILLIAM F. WARD, et al.,                :
                                        :     No. 3:CV-00-1290
                           Defendants.:    (Judge Yvette Kane)

## DECLARATION OF WILLIAM F. WARD

    I, **WILLIAM F. WARD**, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following facts are true and correct based upon my personal knowledge:

    1.    I am the Chairman of the Pennsylvania Board of Probation and Parole.

    2.    I have reviewed the documents requested in this case by the plaintiff, James Wagner, who is an inmate in the custody of the Department of Corrections.

    3.    The documents sought by plaintiff from the Board of Probation and Parole include the contents of his entire parole file. Plaintiff requests all documentation of the interviews of him by Board of Probation and Parole members and parole agents, as well as any documents provided by the Department of Corrections and third parties to assist the Board of Probation and Parole in

making decisions. All of these documents, and other documents in plaintiff's parole file and Department of Corrections files, are relied upon by Parole Board members in rendering parole decisions.

4. Plaintiff's request calls for records provided by numerous corrections treatment personnel, any recorded input from the victims of his crime, and the candid written remarks of Board of Probation and Parole staff members who have encountered plaintiff. These documents enable the appropriate officials to record their impressions, evaluations, and recommendations with respect to the plaintiff's rehabilitation and overall readiness for parole.

5. The value of these entries lies in the candid nature of the responses. If these files were readily available to inmates or the public, corrections and Board of Probation and Parole staff would tend to refrain from entering their honest opinions and evaluations. Consequently, those making decisions regarding the plaintiff would not have the benefit of candid observations from staff in the field.

6. Additionally, if a prisoner knows how he will be evaluated by staff and how particular responses are likely to be interpreted, he will be capable of manipulating the resulting diagnosis or assessment. As a result, the inmate's situation will not be assessed accurately, and a valid course of rehabilitative treatment cannot be prescribed. Preservation of the confidential nature of treatment-related information is critical to ensure the cooperation of all inmates

involved in any course of treatment.

7. These inaccuracies can also result in completely improper decisions with regard to an inmate's release from prison, and the inmate or others may be exposed to danger. The inaccuracies could result in premature release from custody on parole, thereby exposing the community at large to danger.

8. The cumulative effect of disclosing these documents would be that necessary documentation would not occur, and the inmate's parole and corrections files would fail to be effective and candid records of the inmate's adjustment and the risk posed by the inmate to the institution and the public. If parole files were routinely made available to inmates, it would be detrimental to the treatment of the inmates, the safety of the inmate's victims, and the safety of the community. Disclosure of the candid remarks of those assessing a prisoner would significantly increase the difficulty of prison administration, inmate treatment, and parole decisionmaking.

9. Accordingly, the Board of Probation and Parole must object to the disclosure of the documents sought by plaintiff from his parole file, because such a disclosure would compromise the ability of the Board of Probation and Parole to make sound and safe decisions about the readiness of inmates to be released from prison on parole.

_____  _____
WILLIAM F. WARD                  DATE

*[Signed: William F. Ward]*     *[Dated: June 5, 2002]*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER, :
:
Plaintiff, :
:
v. :
:
WILLIAM F. WARD, et al., :
: No. 3:CV-00-1290
Defendants.: (Judge Yvette Kane)

### CERTIFICATE OF SERVICE

I, Patrick S. Cawley, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 7, 2002, I served a true and correct copy of the foregoing **Brief in Opposition to Motion of Plaintiff to Compel Discovery** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

James Wagner, BK-5396
SCI-Rockview
Box A
Bellefonte, PA 16823

_____
PATRICK S. CAWLEY
**Deputy Attorney General**