IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER          ORIGINAL        :     NO. 1:CV-00-1290

PLAINTIFF                        :

                                 :        (JUDGE YVETTE KANE)

VS.                              :

                                 :        JURY TRIAL DEMANDED        FILED
                                                                     HARRISBURG, PA
WILLIAM F. WARD, ET AL.,         :

            DEFENDANTS            :                                  JUN 2 5 2002

BRIEF IN RESPONSE TO DEFENDANT'S BRIEF          MARY E. D'ANDREA, CLERK
IN OPPOSITION TO MOTION OF PLAINTIFF TO COMPEL DISCOVERY    Per _____
                                                               Deputy Clerk


DEFENDANTS FILED A MOTION FOR ENLARGEMENT OF TIME TO FILE A BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY THRU THIS HONORABLE COURT ON MAY 21, 2002.

DEFENDANTS FILED THEIR BRIEF IN OPPOSITION TO MOTION OF PLAINTIFF TO COMPEL DISCOVERY ON 7 JUNE, 2002, WHICH WAS RECEIVED BY PLAINTIFF ON JUNE 10, 2002.

THIS IS PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF IN OPPOSITION TO MOTION OF PLAINTIFF TO COMPEL DISCOVERY.


ARGUMENT


DEFENDANTS CLAIM THAT THE DOCUMENTS SOUGHT BY THIS PLAINTIFF CONTAIN THE CANDID INPUT OF STAFF MEMBERS FROM THE DEPARTMENT OF CORRECTIONS AND THE BOARD OF PROBATION AND PAROLE WHO MUST ASSESS MANY ASPECTS OF PLAINTIFF'S REHABILITATION AND OVERALL READINESS FOR PAROLE. DEFENDANTS CLAIM BECAUSE OF THIS, EVALUATION WOULD BE DETRIMENTALLY AFFECTED BY THE DISCLOSURE OF SUCH STAFF INPUT, THE EXECUTIVE PRIVILEGE PROTECTS THESE DOCUMENTS.

PLAINTIFF AVERS, DISCLOSURE OF DOCUMENTS REQUESTED FROM DEFENDANTS PARTICULARLY THOSE CREATED BY S.C.I. ROCKVIEW STAFF, HAVE BEEN MADE KNOWN TO HIM BY AND THROUGH S.C.I. ROCKVIEW STAFF. PLAINTIFF ALSO STATES THAT HE HAS RECEIVED A RECOMMENDATION FROM THE ROCKVIEW STAFF EACH AND EVERY TIME HE HAS SEEN THE DEFENDANTS AND BY RECEIVING SUCH RECOMMENDATION IN NO WAY

-1-

CAN HE MANIPULATE THE STAFF AT S.C.I. ROCKVIEW TO RECEIVE SOMETHING HE ALREADY HAD. (RECOMMENDATION FOR PAROLE).

PLAINTIFF AVERS THAT THE DEFENDANTS DO MOST OF THERE BUSINESS BEHIND CLOSED DOORS AND PUT PLAINTIFF THROUGH A TRIAL EACH AND EVERY TIME HE SEES THEM AT THE BOARD HEARINGS. THE DEFENDANT'S CLAIM EXECUTIVE PRIVILEGE ON THESE RECORDS.

SEE, BOARD OF REGENTS OF STATE COLLEGES V. ROTH, 92 S.CT. 2701

SLOCHER V. BOARD OF HIGHER EDUCATION, 76 S.CT. 637 - BUT WHERE THE STATE IS ALLOWED TO ACT SECRETLY BEHIND CLOSED DOORS AND WITHOUT NOTICE OF THOSE WHO ARE AFFECTED BY ITS ACTIONS, THERE IS NO CHECK AGAINST THE POSSIBILITY OF SUCH "ARBITRARY ACTION". SPLISER V. RANDALL, 78 S.CT. 1332,

BELL V. BURSON, 91 S.CT. 1586, 2713. WITHOUT STATEMENT AND OPPORTUNITY TO REBUT, 2715 ABSOLUTE AND UNCONTROLLED DISCRETION INVITES ABUSE.

2716 AS LONG AS THE GOVERNMENT HAS A GOOD REASON FOR ITS ACTIONS IT NEED NOT FEAR DISCLOSURE.

HORNS V. ALLEN, 326 F.2D 605 - PLAINTIFF HAS THE RIGHT TO EXPECT ITS OFFICERS TO MAKE ADJUDICATIONS ON THE BASIS OF MERIT.

PLAINTIFF AVERS, THAT DEFENDANTS ARE USING EXECUTIVE PRIVILEGE TO TRY TO PREVENT DISCLOSURE OF THESE DOCUMENTS WHICH IN FACT IS PART OF THE PERTINENT EVIDENCE TO SHOW THEY HAVE VIOLATED THE RIGHTS PLAINTIFF HAS SET FORTH IN THE CLAIMS IN THIS 1983 SUIT.

PLAINTIFF AVER'S DEFENDANTS' ENLARGEMENT OF TIME MOTION, DATED MAY 21, 2002, AFFIRMS PLAINTIFF'S "MOTION TO COMPEL DISCOVERY AND PRESENTS EVIDENCE OF WHY THESE RECORDS ARE REQUIRED FROM DEFENDANTS. IN THIS ENLARGEMENT OF TIME MOTION DEFENDANTS USE TWO FORMS OF CRITERIA THAT ARE EX POST FACTO VIOLATIONS, BY STATING ON PAGE 2, PARAGRAPH 6. (EXHIBIT 1) "SUCH A DECISION REQUIRES THE INPUT OF THE VICTIM ADVOCATE (WHICH WENT INTO EFFECT AFTER PETITIONER WAS SENTENCED) AND THE SEX OFFENDER ASSESSMENT BOARD (WHICH WENT INTO EFFECT AFTER PETITIONER WAS SENTENCED AND BASED ON PENNSYLVANIA LAW, 42 PA.C.S § 9794 "THE ASSESSMENT BOARD IS TO BE CONDUCTED FIRST **AFTER CONVICTED AND PRIOR TO SENTENCING.**) THESE STATEMENTS AS WELL AS DEFENDANTS OBJECTIONS, FUNDAMENTALLY MAINTAIN THE VALIDITY OF PLAINTIFF'S DISCOVERY REQUESTS AS WELL AS PRESENT THE PRIMARY REASON FOR THIS GRIEVANCE.

-2-

THESE ADMINISTRATIVE ACTIONS EXPLICITLY MODIFY PLAINTIFF'S PRE-EXISTING CRITERIA FOR PAROLE ELIGIBILITY AND SUBSEQUENTLY ALTERS THE CONSEQUENCES ATTACHED TO THE UNDERLYING CRIME. THESE ACTIONS ARE FORBIDDEN BY THE EX POST FACTO CLAUSE.

PETITIONER WAS INCARCERATED ON THE 24TH DAY OF FEBURARY, 1990. THIS PORTION OF THE MEGAN'S LAW WENT INTO EFFECT ON DECEMBER 30, 1995. FIVE YEARS AFTER PETITIONER WAS SENTENCED. EVEN IN DEFENDANTS RESPONSES TO PLAINTIFF THEY ARE CONTINUING TO VIOLATE HIS CONSTITUTIONAL RIGHTS. SEE ATTACHED EXHIBIT 1, DEFENDANTS ENLARGEMENT OF TIME PAGE 2, AND EXHIBIT 2, PLAINTIFF'S GREENSHEET FOR THIS TIME PERIOD.)

THESE EXHIBITS ON THEIR FACE, EVINCE WHY PLAINTIFF FILED HIS 1983 SUIT, AND HOW THE DEFENDANTS CONTINUE TO VIOLATE PETITIONER'S RIGHTS. THESE EXHIBITS ALSO MANIFEST WHY THE DEFENDANTS' RECORDS ARE NEEDED.

PLAINTIFF HAS IDENTIFIED THE DOCUMENTS OF DISCOVERY AND HAS NOT BEEN VAGUE.

THESE DOCUMENTS PLAINTIFF SEEKS FROM DEFENDANTS ARE RELEVANT:-
1)   THEY RELATE TO DIFFERENT PORTIONS OF THE PAROLE PROCESS.
2)   THEY ARE PERTINENT TO THE LITIGATION AND CLAIMS SET FORTH THEREIN TO HELP PRESENT THIS GRIEVANCE.
3)   THEY WILL EXPLICITLY SHOW EVALUATIONS, DETERMINATIONS, AND THE CRITERIA USED IN THOSE PROCESSES.
4)   THEY ARE NECESSARY TO SHOW SPECIFIC PREJUDICE AND ARBITRARY AND CAPRICIOUS USE OF DISCRETION AND AUTHORITY.
5)   THE LACK OF THESE DOCUMENTS DISADVANTAGE PLAINTIFF AND PREVENT THE PROPER PURSUIT AND PERFECTION OF THIS PRESENT LITIGATION.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE ARE THE EXCLUSIVE SOURCE OF THESE DOCUMENTS.

ASS'N FOR REDUCTION OF VIOLENCE V. HALL, 734 F.2D 63 (1984)

INTEREST OF PARTY IS STRONGEST WHEN INFORMATION IS HIGHLY RELEVANT, HELPFUL AND UNAVAILABLE FROM OTHER SOURCES. U.S. V. ESTELLA, 567 F.2D 1151, 542 F.2D 655 - IS ESSENTIAL TO UNFAIR DETERMINATION OF A CAUSE. MAY BE

SUFFICIENT TO OVER COME AN ASSERTION OF PRIVILEGE.

ROVIARO V. U.S, 77 S.CT. 623 (1957) THE SCOPE OF A PRIVILEGE IS LIMITED BY ITS UNDERLYING PURPOSE AND SHOULD NOT BE APPLIED WHEN THAT PURPOSE WOULD NOT BE SERVED. ID AT S.CT. 627.


IT IS REASONABLE TO EXPECT DEFENDANTS TO HAVE THE INFORMATION AND PLAINTIFF SHOULD NOT SUFFER IN HIS DISCOVERY EFFORTS. FAGAN V. DISTRICT OF COLUMBIA, 136 F.R.D.S. 6 (DDC 1991) RULE 26(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.


IN LIGHT OF PLAINTIFF'S "MOTION TO COMPEL DISCOVERY" AND "BRIEF IN SUPPORT", AS WELL AS THIS "INSTANT RESPONSE".


WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT COMPEL DEFENDANTS TO PRODUCE ANY AND ALL DOCUMENTS REQUESTED BY PLAINTIFF, AND GRANT SUCH OTHER RELIEF TO PLAINTIFF APPROPRIATE AS THIS HONORABLE COURT FEELS IS WARRANTED AND NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS.


DATE MAILED: _Jun 21, 2002_

SINCERELY SUBMITTED:

_James Lee Wag_

JAMES LEE WAGNER, PRO SE

BOX A          BK-5396

BELLEFONTE, PA. 16823-0820

3.      While defendants' motion to dismiss the complaint has been pending, plaintiff submitted a request for the production of documents.  Although defendants produced some documents, defendants objected to the production of other documents from plaintiff's Department of Corrections file and Parole Board file, because the documents are protected by executive privilege.

4.      Defendants received on May 8, 2002 plaintiff's motion to compel the discovery of the documents not produced, as well as a supporting brief.  Defendants intend to file a brief in opposition to plaintiff's motion to compel, and defendants' brief is due on May 23, 2002.

5.      In order to file a brief in opposition to plaintiff's motion, defendants must produce a declaration from the Secretary of the Pennsylvania Department of Corrections and the Chairman of the Pennsylvania Board of Probation and Parole that explains why these documents must necessarily be protected by the executive privilege.

6.      The Pennsylvania Board of Probation and Parole recently convened to consider plaintiff for parole.  Such a decision requires the input of the Victim Advocate and the Sex Offender Assessment Board.  Because the Parole Board has been working with plaintiff's file, defendants' counsel has been unable to gather the necessary documents from plaintiff's file and present them to the Chairman for

Exhibit 1

NOTICE OF BOARD DECISION
PBPP-15(6/96)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

### DATE: 05/13/2002

CLIENT NAME:   JAMES LEE WAGNER                    PAROLE NO:   2241X
INSTITUTION:   SCI - ROCKVIEW                      INSTITUTION NO:  BK5396

AS RECORDED ON 05/13/2002 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE FAIR ADMINISTRATION OF JUSTICE
CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE.   YOU ARE THEREFORE REFUSED
PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER MAY, 2003.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE PARTICIPATED IN A TREATMENT PROGRAM FOR: SEX OFFENDERS.

WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE
DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE RECEIVED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT
OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

UPDATED MENTAL HEALTH EVALUATION, SEX OFFENDER TREATMENT EVALUATION AND SEX
OFFENDER ASSESSMENT BOARD ASSESSMENT TO BE AVAILABLE AT TIME OF REVIEW.

*KBR 05-13-02*

CLIENT COPY
JAMES LEE WAGNER          BK5396
SCI - ROCKVIEW
BOX A
BELLEFONTE, PA          16823

*Kathleen Zwierzyna*

KATHLEEN ZWIERZYNA
BOARD SECRETARY

Exhibit 8

CERTIFICATE OF SERVICE

I, JAMES LEE WAGNER, PLAINTIFF, HEREBY CERTIFY THAT ON THIS DATE I CAUSED TO BE SERVED THE FOREGOING BRIEF IN RESPONSE TO DEFENDANT'S BRIEF IN OPPOSITION TO MOTION OF PLAINTIFF TO COMPEL DISCOVERY, BY DEPOSITING A COPY OF THE SAME IN THE UNITED STATES MAIL, POSTAGE PAID, IN THE ROCKVIEW STATE INSTITUTION, MAILBOX, ADDRESSED TO THE FOLLOWING:

CLERK OF COURTS  / ORIGINAL & 2 COPIES
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17108
(JUDGE YVETTE KANE)

PATRICK S. CAWLEY
DEPUTY ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
15TH FLOOR STRAWBERRY SQUARE
HARRISBURG, PA. 17120

DATE: 21 June 2002

JAMES LEE WAGNER, PRO SE
BOX A,   BK-5396
BELLEFONTE, PA. 16823-0820