

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE WAGNER, :
:
    Plaintiff : CIVIL NO. 1:CV-00-1290
:
v. : (Judge Kane)
:
WILLIAM F. WARD, <u>ET AL</u>, :
:
    Defendants :

FILED
HARRISBURG

SEP 3 0 2002

<u>ORDER</u>

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## Background

James Lee Wagner, an inmate presently confined at the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania (SCI-Rockview), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are William Ward, chairman of the Pennsylvania Board of Probation and Parole ("Board") and the following board members: Gary Lucht, Barbera Descher, Richard Kipp, Benjamin Martinez, Nicholas Muller, Sean Ryan, Michael Webster, and all other unnamed board members.

The complaint was accompanied by an application to proceed <u>in forma pauperis</u>. The Prison Litigation Reform Act

("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).[1]

Wagner alleges that he has been denied parole on four successive occasions in violation of his right to due process and equal protection of law. (Doc. No. 1, complaint).

Initially, plaintiff argues that pursuant to 61 Pa.C.S.A. § 331.19, the board is required to consider the recommendations from the Department of Corrections and that the Board's refusal of parole despite a positive recommendation from the Department of Corrections reflects an arbitrary decision based upon impermissible reasons. Id.

Plaintiff next contends that his guilty plea agreement established a contract between him and the Commonwealth of Pennsylvania which calls for his release after the expiration of

---

1. The plaintiff completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an administrative order directing the superintendent at SCI-Rockview to commence deducting the full filing fee from plaintiff's prison trust fund account.

2

his minimum sentence and the Board's refusal of parole breaches that contract. Id.

Plaintiff believes that because he has successfully completed a program for sex offenders; received a favorable recommendation for parole from the Department of Corrections; maintained a clear conduct record; and completed Department of Corrections' prescriptive programs, he is entitled to parole, and the Board in their decision to deny him same is violating his rights.

For relief, plaintiff seeks declaratory and injunctive relief. Plaintiff wants defendants to be barred from retaliating against him for instituting his complaint and from violating pre-existing plea agreements. He requests the court issue a declaratory judgment that defendants have violated plaintiff's constitutional right to due process and that the plea agreement between the plaintiff and the Commonwealth of Pennsylvania. Id.

Currently pending before this Court is defendants' motion to dismiss the complaint. (Doc. No. 23). Also pending before this Court is Wagner's motion to compel discovery. (Doc.

3

34). These motions have been briefed and are now ripe for consideration.

**DISCUSSION**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation

4

omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This court will now discuss defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff asserts that he agreed to plead guilty with the understanding that he would be released from prison after serving his minimum sentence of 7½ years and that the Board has violated his constitutional rights by refusing him release on parole now that his minimum sentence has expired.

As noted by defendants, Pennsylvania state law, specifically, 42 Pa.C.S. § 9576(a) states that when, "imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law." Section 9576(b) further requires state courts to "impose a minimum sentence of confinement which shall not exceed

5

one-half of the maximum sentence imposed." Since Pennsylvania state law does not authorize imposition of a flat sentence, Wagner's assertion that he was sentenced to a 7 and one-half (7½) year prison term is baseless. Furthermore, plaintiff's faulty characterization of his sentence also undermines his contention that his inability to obtain parole after service of the minimum term of his sentence was a violation of his plea agreement.

With respect to Wagner's claims regarding the rejection of this parole applications, it is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); see also Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D. Pa. 2000)(the federal Constitution does not create an entitlement to parole). Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI- Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294

(E.D.Pa. 1993). However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a

7

state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Moreover, even if an inmate successfully completes a treatment program, Pennsylvania's parole scheme does not create a predictable expectation of parole upon completion of a rehabilitation program. Granting of parole is not a right, but rather a matter of discretion. Com. v. Gooslin, 421 A.2d 775,(1980). Furthermore, the Board is the sole determiner

8

whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. Myers v. Ridge, 712 A.2d 791, 794 (Pa.Cmwlth. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison."); Carter v. Muller, 45 F.Supp.2d 453, 457 (E.D. Pa., 1999) quoting 61 P.S. §331.19 ("considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee."); see also Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 775 (Pa.Commw.Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole ... is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole").

A review of plaintiff's complaint and his brief in opposition to defendants' motion to dismiss, reveals that he was considered for, and denied parole on four occasions: July, 1997; May, 1999; May, 2000; and May, 2001. (Doc. Nos. 1 and 26). The

initial denial cited the following factors: assaultive instant offense, very high assaultive behavior potential, victim injury, and need for counseling and treatment. Wagner was further advised that he should participate in a prescriptive program, including a sex offender program, obtain a favorable institutional recommendation and remain misconduct free. The remaining denials similarly concluded that Wagner's release would be adverse to the protection of public safety and the fair administration of justice. These denials also advised plaintiff of his need to continue sex offender treatment and other prescriptive programs, obtain favorable institutional parole recommendation, and maintain a clear conduct record. Id.

Wagner does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Furthermore, the factors cited by the Parole Board in its denial, including those cited in its two most recent decisions, protection of public safety and to ensure the fair administration of justice are relevant factors in

making parole determination.² Consequently, it cannot be concluded that the decision to deny parole was based on constitutionally impermissible reasons. There is also no indication that the Parole Board applied any inappropriate criteria or that his parole proceedings violated any due process protections which Wagner was entitled to under state law.

Additionally, the United States Supreme Court in <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995), held that a liberty interest is not created merely because a regulation limits the discretion of prison officials. Rather, courts should focus on the nature of the deprivation itself and the relevant inquiry is whether the purported misconduct was "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Id.</u> at 486; <u>see also</u> <u>Griffin v.</u>

---

2. Pennsylvania law grants the board vast discretion to refuse or deny parol. State law authorizes the Board:
> to release on parole any convict confined in any penal institution of this commonwealth as to whom power to parole is herein granted to the board ... whenever in its opinion the best interest of the convict justify or require his being paroled and it does not appear that the interests of the commonwealth will be injured thereby.

61 Pa. Cons. Stat. Ann. §331.21

11

Vaughn, 112 F.3d 703 (3d Cir. 1997). As noted earlier, it has been repeatedly recognized that Pennsylvania state law does not confer upon its inmates a legally protected interest in parole eligibility. Rodgers, 916 F. Supp. at 476-77; McCrery, 523 F. Supp. at 294.

Thus, it is apparent to this Court that the denial of parole to a Pennsylvania state inmate is not the type of significant and atypical hardship contemplated by the Supreme Court in Sandin. Consequently, since Wagner's claims regarding the rejection of his applications by the Parole Board do not rise to the level of a constitutional violation, Sandin supports the conclusion that plaintiff's complaint be dismissed.³ An appropriate order will enter.

---

2. On May 7, 2002, the plaintiff filed a motion to compel the production of documents which he claims to have requested from the defendants on January 27, 2002. (Doc. No. 34). The plaintiff, however, has not contended that he needs the discovery to oppose the defendants' motion to dismiss. In fact, the plaintiff timely filed a brief in opposition to the defendants' motion to dismiss. Thus, the plaintiff's motion to compel should be dismissed. See Pastore v. The Bell Telephone Co. of Pennsylvania, 24 F.3d 508 (3d Cir. 1994); Dowling v. City of Philadelphia, 855 F.2d 136 (3d Cir. 1988); Radich v. Goode, 886 F.2d 139 (3d Cir. 1989).

12

AND NOW, THEREFORE, THIS 30th DAY OF Sept, 2002, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss, (Doc. No. 23), is granted.
2. Plaintiff's motion to compel discovery, (Doc. No. 34) is dismissed.
3. The Clerk of Court shall close this case.
4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

_____
YVETTE KANE
United States District Judge